**James MILLS, Barbara Mills & Dennis Mills, Appellants (Plaintiff Below)**

v.

**AMERICAN PLAYGROUND DEVICE CO. & City of Gas City, Appellees (Defendants Below)**

No. 2–1278A425.

Court of Appeals of Indiana, Second District.

Nov. 16, 1981.

Wade R. Bosley, James N. Clevenger, Fishburne, Bosley & Schatz, Marion, for appellants.

Herbert A. Spitzer, Jr., Phillip E. Stephenson, Browne, Torrance, Spitzer, Herriman & Browne, Marion, for appellees.

ON PETITION FOR REHEARING

SHIELDS, Judge.

This action comes before us on the Petition for Rehearing of the unsuccessful appellee, City of Gas City (City) in *Mills v. American Playground Device Co. and City of Gas City, Ind.*, (1980) Ind.App., 405 N.E.2d 621. City claims error in:

1. Our application of the standard of review appropriate to a motion to dismiss rather than the standard of review on a motion for summary judgment; and

2. Our decision that selection of a slide for use in the park is a ministerial rather than a discretionary duty.

■ City argues its motion for summary judgment (Motion) should have been treated as such, rather than as a Trial Rule 12(C) motion for judgment on the pleadings because in its motion and supporting affidavit it alleged facts outside the pleadings which establish as a matter of law that City had no duty to Mills.

City's pleading entitled "Motion for Summary Judgment" contained three rhetorical paragraphs. The first rhetorical paragraph asserted improper notice; the second, immunity; and the third asserted "the allegations of Plaintiffs' Complaint and the facts which are uncontroverted herein do not establish claim upon which relief can be granted for the reason that no liability can attach to the City for faulty design under circumstances alleged herein." The accompanying memorandum contained three sections aligned in content with the rhetorical paragraphs. The third section, entitled "C. *FAILURE TO STATE A CLAIM*" argued City's entitlement to a summary judgment "for the reason of a failure to state a claim upon which relief can be granted" because "no duty exists upon the City . . ."

The trial court's entry of May 15, 1978 reveals the hearing was for "further argument on what is denoted 'C' of defendant City of Gas City's motion for summary judgment, i. e., failure of the plaintiffs to state a claim."

The judgment entered on the Motion reads, in part:

"2. That Judgment shall be, and hereby is, granted in favor of CITY OF GAS CITY, INDIANA, *dismissing this action* against said Defendant, with cost for said Defendant."

"3. That the Court, having expressly found that no just reason exists for delay ... now expressly determines and directs that said *Judgment dismissing this action* ..." (emphasis added)

In City's Memorandum in Opposition to Motion to Correct Errors it again recites its position: "the third (3d) major contention raised by the Defendants in the Motion for Summary Judgment ... [is] the Plaintiffs' failure to state a claim."

The conclusion we must draw from the foregoing record is the trial court considered and ruled upon the City's claim the complaint failed to state a claim upon its face and hence *dismissed* the complaint. We cannot countenance City's attempt, at this late date, to construe its Motion as one dealing with the factual issues in the case when it is clear from a reading of the Motion that it was intended to deal only with the legal question of the duty owed Mills by City.

■ We again reiterate that a claim of failure to state a claim *admits* all factual allegations.

The second matter raised by City's Petition for Rehearing is our determination that the choice of a slide is a ministerial rather than a discretionary duty. We feel our original decision adequately discussed this issue which, along with the notice issue, was discussed by this court only to offer guidance to the trial court in further proceedings as these two issues were not within the scope of the City's claim of failure to state a claim as set forth in its Motion.

Petition for Rehearing denied.

BUCHANAN, C. J., and SULLIVAN, J., concur.