The CITY OF GARY, City of Gary Police Department, and City of Gary Police Officer, Doris Rogers, Appellants,

v.

Donald COX, Appellee.

No. 37A04–8610–CV–302.

Court of Appeals of Indiana, Fourth District.

Sept. 3, 1987.

Rehearing Denied Oct. 27, 1987.

Alton L. Gill, Jr., Corporate Counsel, Gary, for appellants.

Daniel C. Kuzman & Associates, Merrillville, for appellee.

MILLER, Presiding Judge.

Donald Cox, who was shot by a prisoner who escaped from the Gary Police, sued the City of Gary, its Police Department, Police Officer Doris Rogers, St. Mary Medical Center, and Claude Howard.[1] Cox sought damages for alleged negligence which led to the shooting. The jury rendered a verdict of $75,000.00 against the City, and in favor of the Medical Center. The City of Gary, the Police Department, and Officer Doris Rogers (collectively referred to as "the City") bring this appeal alleging the trial court erred when it denied

---

1. At the conclusion of the evidence Cox moved to dismiss Howard, who was killed while committing a felony in California in 1985. None of the remaining defendants objected.

Rogers's and the City's motion for summary judgment asserting statutory immunity under IND.CODE 34-4-16.5-3(7) (West's 1986 Supp.)

We agree and reverse.[2]

## DECISION

On June 24, 1978 Claude Howard, a prisoner of the Gary police, was recovering from surgery at the Gary Medical Center. He was considered dangerous because he had attempted to escape several times even while recuperating. At the time of his escape, he was being guarded by Officer Doris Rogers and, despite the fact he was handcuffed to a bed, managed to seize her revolver which she had placed on a nightstand while attempting to either answer a telephone or to loosen his handcuffs. After freeing himself, he fled to the parking lot where he accosted and shot Cox.

The City contends the trial court erred by denying its motion for summary judgment and thereby concluding there were material issues of fact unresolved. The City's motion for summary judgment relied on the immunity to which it claims it is entitled under the Indiana Tort Claims Act, specifically I.C. 34-4-16.5-3(7), which states:

"Sec. 3. A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

   \*    \*    \*    \*    \*    \*

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment[.]"

The trial court determined the City was not entitled to summary judgment based on the claim of immunity and the determination of such factual issues should be left to the jury.

On review of a denial of summary judgment we must ascertain whether there is any genuine issue of material fact. Further, any doubt about the existence of such must be resolved against the moving party.

*Ogilvie v. Steele by Steele* (1983), Ind.App., 452 N.E.2d 167.

There was no dispute Officer Rogers was on duty and in the act of guarding and maintaining custody of a prisoner. In his memorandum in opposition to the City's motion for summary judgment and in his appellate brief Cox contends Rogers was not enforcing the law and thus is not entitled to immunity. Cox argues the enforcement of the law had already occurred prior to Rogers's involvement, and her act of guarding Howard was merely a custodial, not an enforcement, activity.

On the other hand, the City relies on the case of *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, on reh. 428 N.E.2d 203, to support its contention Officer Rogers was enforcing the law and therefore immune from liability. In *Seymour* a State Trooper involved in a high speed chase of a fleeing suspect collided with another vehicle causing a fatality. Our supreme court held the State was immune from suit under I.C. 34-4-16.5-3(7). Cox contends *Seymour* can be distinguished from the case at hand because *Seymour* involved an attempt to capture a criminal rather than to merely retain one. Cox claims here that the law had already been enforced once Howard was apprehended and that Rogers's act of guarding him was not enforcement, but detainment. We find this argument unpersuasive and unsupported by our understanding of *Seymour* and its progeny.

After *Seymour* was initially decided the supreme court clarified its position on rehearing, stating:

"If the injury in question resulted from the enforcement of a law, immunity is granted to both the governmental entity and to the employer, notwithstanding that the enforcement resulted in a loss that would not have occurred but for the negligent manner in which the duty was performed." *Id.* at 204.

The court also recognized one exception—that an employee's act could be so "outrageous" that it would not be congruent

---

**2.** Because we reverse we address only this one    issue.

with the performance of a duty that had been undertaken. But, the court concluded, an injury resulting therefrom could not be said to have resulted from the performance of the duty. Rather, the court said such acts, whether intentional or willful and wanton, would be "beyond the scope of the employment." *Id.* at 204.

We believe the language of *Seymour* is clear and supports our ultimate conclusion Rogers was engaged in the enforcement of the law and, therefore, the City is immune from suit. Law enforcement necessarily involves a broad continuum of duties. After *Seymour* was decided, our court has held the state and municipalities were immune from suit under I.C. 34–4–16.5–3(7) when an employee was acting within a broad spectrum of activities. *See, e.g., Weber v. City of Fort Wayne*, (1987), Ind. App., 511 N.E.2d 1074 (State is immune in action for damages for injuries sustained when squad car collided with another vehicle while officer was en route to investigate a traffic accident); *Indiana State Police Dept. v. Swaggerty* (1987), 507 N.E.2d 649 (State is immune in action seeking damages for injuries sustained when police car collided with another vehicle while police officer was going to the assistance of a fellow officer); *Jacobs v. City of Columbus* (1983), Ind.App., 454 N.E.2d 1253 (transfer denied) (City is immune in defamation action for statements made by officers during investigation of a poisoning).

■ With the above authority in mind we now address, specifically, whether Rogers was engaged in the enforcement of the law. In doing so, we observe that it is uncontested that Rogers was (1) acting within the scope of her employment and (2) guarding the prisoner Howard. Under the facts of this case we find it apparent Rogers was enforcing a law, IND.CODE 36–8–3–10, which provides:

"(a) The police department shall, within the city:
(1) preserve peace;
(2) prevent offenses; . . .
(14) enforce and prevent the violation of all laws in force in the city."

Here, Rogers was guarding her prisoner Howard. The verb guard is defined as, among other things, "to watch over so as to prevent escapes." *WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY* (1976). In our jurisdiction, and we assume in every other, an escape from lawful detention is a crime. *See* IND.CODE 35–34–3–5. Clearly, Rogers was enforcing the law which mandates the police to prevent an offense, in this case an escape. It is equally obvious that Rogers was enforcing the mandate to preserve peace since her prisoner had exhibited violent tendencies during his imprisonment.

We conclude Officer Rogers was engaged in the enforcement of the law and the court erred in failing to grant the City's motion for summary judgment. Judgment reversed.

SHIELDS, P.J., and YOUNG, J., concur.