**Steve McFARLIN and Wendy McFarlin, Plaintiffs-Appellants,**

v.

**The STATE of Indiana, Indiana State Police, Trooper Dennis Dailey, and Ali Dout, Defendants-Appellees.**

No. 64A03–8711–CV–312.

Court of Appeals of Indiana, Third District.

June 23, 1988.

Rudy C. Kutansky, Stults, Custer, Kutansky & McClean, Gary, for plaintiffs-appellants.

Linley E. Pearson, Atty. Gen., David L. Steiner, Deputy Atty. Gen., Indianapolis, for defendants-appellees.

GARRARD, Presiding Judge.

Steve and Wendy McFarlin appeal from a summary judgment in favor of the State of Indiana, the Indiana State Police and Trooper Dennis Dailey. The only issue presented by this appeal is whether the governmental entities and Dailey were immune from liability for the injuries Steve McFarlin sustained while assisting Dailey set out flares at the scene of an auto accident. We affirm.

■ Summary judgment is appropriate only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138. In determining whether a genuine issue of material fact exists, this court looks at the evidence most favorable to the non-moving party and the reasonable inferences to be drawn therefrom. *Harris v. Kettelhut Const. Inc.* (1984), Ind.App., 468 N.E.2d 1069 citing *Perry v. Northern Indiana Pub. Serv. Comm'n.* (1982), Ind. App., 433 N.E.2d 44, *trans. denied.* The facts most favorable to the McFarlins do not show that a genuine issue of material fact existed for trial.

On May 12, 1981, Trooper Dailey arrived at the scene of a one-car accident located on Interstate 65 in Lake County. Several people were present at the scene and a semi-truck was stopped on the berm area near where the car had hit a guardrail. Dailey stopped his vehicle in the right lane south of the vehicle involved in the accident and just to the front of the semi-truck. Dailey first identified the driver of the accident vehicle, who smelled of alcohol, and placed him in the patrol car. Dailey then radioed for a wrecker and asked a witness to write a statement. At this time, Dailey began setting up flares, deciding "to angle off onto the berm." After setting up four or five flares, Dailey gave the remaining flares to Steve McFarlin, a truck driver,[1] and returned to his patrol car where the intoxicated driver was attempting to go back to his own vehicle.[2] While Dailey was escorting the intoxicated driver back to his patrol car, Steve McFarlin, who had been setting up the remaining flares, was struck by a car and seriously injured.

■ The McFarlins contend that under this set of facts, Dailey was not immune from liability. A relevant Indiana statute, however, provides:

A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from the adoption and enforcement of or failure to adopt or enforce a law, including rules and regulations, unless the act constitutes false arrest or false imprisonment.

IC 34–4–16.5–3(7) (1982 & Supp.1987). The McFarlins argue that under this statute an officer is immune from liability only when the act resulting in the loss constitutes an act of law enforcement. They assert he is not immune from liability simply for acts he commits while engaged in law enforcement. This argument, however, assumes that Dailey was not engaged in the enforcement of the law when the act resulting in their loss occurred. This court has recently noted that law enforcement involves a "broad spectrum of duties" and that IC 34–4–16.5–3(7) provides immunity where an officer is "acting within a broad spectrum of activities." *City of Gary v. Cox* (1987), Ind.App., 512 N.E.2d 452, 454 (city immune from liability for shooting by prisoner who escaped from a hospital by seizing guarding officer's revolver while she was making telephone call or attempting to loosen his handcuffs). *See also Weber v. City of*

---

1. The semi-truck located on the berm area apparently was not one that McFarlin had been driving.

2. There is a conflict as to whether Dailey asked for McFarlin's assistance or McFarlin offered to help. This factual dispute is irrelevant to our decision.

*Fort Wayne* (1987), Ind.App., 511 N.E.2d 1074 (city immune from liability for a collision by police officer who was en route to investigate an accident); *Crews v. Brockman* (1987), Ind.App., 510 N.E.2d 707 (city immune from liability for collision which occurred while reserve officer was en route to investigate a domestic disturbance); *Indiana State Police Dept. v. Swaggerty* (1987), Ind.App., 507 N.E.2d 649 (state immune from liability for collision occurring while one state trooper was en route to assist another). In this case, Dailey was present at the scene of an accident which he had reasonable grounds to believe was caused by violation of Indiana traffic laws. Although the McFarlins ask this court to isolate Dailey's setting out flares, an act which they assert he had no legal duty to perform, the above cases reject such a narrow interpretation of law enforcement for purposes of the immunity provisions contained in IC 34–4–16.5–3(7). Dailey engaged in setting out flares to protect the property and individuals at the scene of an accident which he was investigating. Not only did Dailey have the authority to perform such an act, IC 10–1–1–10 (1982 & Supp., 1987), the act was within the scope of law enforcement for activities which he, the police and the state were immune from liability. Moreover, there is an additional ground of immunity.

Under IC 34–4–16.5–3(6), an officer is immune from liability if an injury results from the performance of a discretionary function.

> A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and, if so, in what particular way.... His duties, however, in the performance of the act, after it is once determined that it shall be done, are ministerial....

*City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1186 quoting *Adams v. Schneider* (1919), 71 Ind.App. 249, 255, 124 N.E. 718, 720. The McFarlins argue that Dailey's actual setting out of the flares was a ministerial duty which followed his discretionary duty of deciding whether and how to set them out. We agree. They, however, do not allege that the placement of the flares caused Steve's injuries. Rather, they implicitly argue that Dailey was negligent in permitting Steve McFarlin to take over the ministerial act. The decision to allow a citizen to perform such tasks is an exercise in judgment. Hence, under this theory, the McFarlins' loss would have been the result of performance of a discretionary duty for which Dailey and the governmental entities are immune.

Lastly, it should be noted that a governmental entity or employee acting within the scope of his employment is not liable for losses which result from the acts or omissions of someone other than the governmental employee. IC 34–4–16.5–3(9) (1982 & Supp.1987). This statute is relevant as Steve McFarlin was injured when he was struck by a car being driven by someone other than a governmental employee. The McFarlins, however, do not address this provision in their brief.

Daily and the governmental entities involved in this suit were immune from liability under either IC 34–4–16.5–3(7) or 34–4–16.5–3(6). The trial court therefore properly entered summary judgment in their favor.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., concurs and files separate opinion.

SULLIVAN, Judge, concurring.

I concur because by judicial decision as cited in the majority opinion, the "loss ... from the ... enforcement of ... a law ..." immunity has been transformed into an immunity which attaches to a police officer acting within the scope of his employment so long as the loss is occasioned by that act.

I have no quarrel with the policy rationale which underlies that subtle transformation. But a transformation has occurred and we should not continue to afford immunity under the guise of the older "enforcement of a law" test.

I recognize, as I must, that the portion of the majority opinion which justifies immunity upon the discretionary-ministerial function distinction is based upon legislative provision. I.C. 34–4–16.5–3(6) (Burns Code Ed. Supp.1987). Nevertheless, the factual variances which place an act in one category or the other are so subtle and ethereal as to render the test incapable of application. *See Mills v. American Playground Device Co.* (1980) 2d Dist.Ind.App., 405 N.E.2d 621, *reh. denied* 427 N.E.2d 1130.

Our General Assembly might well re-examine the artificial discretionary-ministerial basis for determining liability. If immunity is to be retained, as it must, for truly governmental activity, that immunity should rest upon a foundation more defensible—more reasoned.