**HOUSING AUTHORITY OF GARY, INDIANA, Appellant (Defendant Below),**

v.

**Cynthia SHIPP, Appellee (Plaintiff Below).**

No. 45A03–8802–CV–44.

Court of Appeals of Indiana, Third District.

Dec. 15, 1988.

Bessie M. Taylor, Gary, for appellant.

Estelle Powell, East Chicago, for appellee.

STATON, Judge.

The trial court rendered a judgment in favor of Cynthia Shipp. It found that the Housing Authority of Gary had withheld Cynthia Shipp's certification and wrongfully prevented her from occupying property. Since we reverse the judgment of the trial court, we discuss only two of the fourteen issues presented by the Housing Authority's appeal:

I. Whether the judgment is supported by sufficient evidence?

II. Whether a genuine issue of material fact existed, making the trial court's denial of the motion to dismiss/summary judgment erroneous?

Via a "Certificate of Family Participation," the Housing Authority authorized Cynthia Shipp to participate in its Housing Program. Upon certification, applicants were entitled to federal funding if the participant located a suitable dwelling unit and submitted the required papers to the Housing Authority to initiate the process for lease approval. Specifically, the applicant, upon finding a suitable living place, i.e., one that was "Decent, Safe, and Sanitary"

(Record, p. 107), was to submit to the Housing Authority "Request for Lease Approval, the proposed Lease and the Addendum to [the] Lease." (*Id.*) Within ten (10) days after the submission of these documents, during which time the Housing Authority was to inspect the premises, the Housing Authority was to notify the participant whether the lease was approved.

Cynthia Shipp asserted that she entered into a contract with the Housing Authority for the "subsidy for an apartment with the Oak Knowell [sic] Terrace Apartment Complex" (Record, p. 27); she also stated that the Housing Authority refused to inspect it. In her complaint, Cynthia Shipp also alleged that the Housing Authority notified her that she could move into an apartment on January 1, 1984. However, in the "Plaintiff's Answers to Defendant's Interrogatories," Cynthia Shipp states that the "Management of Oak Knoll Terrace" notified her regarding the January 1, 1984 move-in date. (Record, p. 57.)

Notwithstanding these assertions, the Housing Authority contends that the trial court erred in finding for Cynthia Shipp, arguing, in part, that no contract existed and that the Oak Knoll apartment complex was unsuitable because of flooding. The Housing Authority also stated that it had orders from HUD to remove its housing program participants from Oak Knoll Terrace.

## I.

### *Sufficiency of the Evidence*

The findings of a bench trial will only be set aside if they are clearly erroneous. Indiana Rules of Procedure, Trial Rule 51(A) and Appellate Rule 15(N). *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, 1146. When determining whether the findings are clearly erroneous, we look only at the evidence supporting the findings and the reasonable inferences which may be drawn from the evidence; however, we do not judge witness credibility nor reweigh the evidence. *Id.* Only when the findings are not supported by

evidence or reasonable inferences will we reverse the judgment. *Id.*

 In reviewing the findings made by the trial court, (R., pp. 63–63), we find several that are clearly erroneous.

The finding listed as number 2 reads:

2. That on or about October 28, 1983 the Plaintiff, Cynthia Shipp, entered into an agreement with the Housing Authority of The City of Gary, Indiana for rental of Apartment No. 240, Oak Knoll Terrace.

However, it is clear from the certification document, that, by signing that document, the Housing Authority was merely authorizing Cynthia Shipp to participate in the housing program. No rental agreement was made for a certain dwelling; the document specifically states that the Housing Authority will assist the family *"If the Family finds a dwelling unit ..."* and submits the proper papers. (Emphasis added.) (Record, p. 107.) The certificate does not refer to Oak Knoll Terrace.

Furthermore, we wonder how the Housing Authority could enter into a contract with Cynthia Shipp to rent an Oak Knoll apartment without Oak Knoll being a party to that agreement.

 The trial court also found:

4. That all conditions required to be performed by the Plaintiff were performed pursuant to the written agreement.

Again, no evidence exists to support this finding. Cynthia Shipp never states nor even alleges that she submitted the three documents required by the certificate, i.e., the Request for Lease Approval, the Proposed Lease, and the Addendum to the Lease, in order to initiate action by the Housing Authority in determining whether the premises in question were suitable, and, therefore, could be financed through the Housing Authority.

 Similarly, the trial court found:

5. That on or about January 1, 1984 the Plaintiff was prepared and ready to occupy the promised premises but the Housing Authority of The City of Gary failed to inspect the dwelling place and qualify the Plaintiff for occupation of said dwelling.

First, the plaintiff's certification had expired on December 28, 1983. Even had Cynthia Shipp submitted the required documents, the Housing Authority could not act upon them. Additionally, pursuant to the certification, only the submission of the required documents would trigger inspection of the premises. Finally, the plaintiff was already "qualified." The required documents were needed in order to approve or "qualify" the premises in question. The plaintiff cannot fault the Housing Authority for not acting upon papers that were never submitted.

 Additionally, the trial court found:

6. That the Housing Authority of The City of Gary had approved the Plaintiff for occupation of said rental property and later rescinded their approval on the basis that the Plaintiff owed them money for previous occupation of public housing.

7. That the issue regarding the monies claimed owed by Plaintiff to the Defendant were resolved in Cause No. 377–156 and Cause No. 180–SC–733.

8. Nonetheless, the Defendant continued to deny the Plaintiff the right to occupy the said premises based upon their claim that the Plaintiff continues to owe them money.

Here, too, we repeat that the Housing Authority approved Cynthia Shipp only as being able to participate in the program. For the 60 day duration of the certificate, the Housing Authority was to approve or disapprove the *premises*. There is no evidence that the Housing Authority had terminated Cynthia Shipp's certification prior to the expiration of the sixty day period. Cynthia Shipp's certification terminated automatically upon the expiration of 60 days; the plaintiff was free to reapply, but no evidence indicates that she did.

Additionally, there is no evidence that the Housing Authority withheld its approval of the premises in question because the plaintiff may have owed the Housing Authority money. There simply is no evidence that Cynthia Shipp submitted the

documents required to initiate the approval process for the premises in Oak Knoll.

Even had there been a previous dispute between Cynthia Shipp and the Housing Authority, the Housing Authority did certify Cynthia Shipp to participate in its program. The Housing Authority could do no more until Cynthia Shipp submitted the required papers, which she does not claim to have done.

Finally, the trial court found:

11. ...

[T]he Defendants wrongfully denied Plaintiff continued certification under the Section 8 Program.

The document indicates that the Housing Authority did certify Cynthia Shipp for the required 60 day period. There is no evidence that Cynthia Shipp reapplied after her certification lapsed on December 28, 1983.

Accordingly, as no evidence or inferences exist to support the above findings, we find them to be clearly erroneous.

## II.

### Denial of Summary Judgment

When reviewing the denial of summary judgment, we are to determine whether there exist any issues of material fact, resolving any doubts against the moving party. *City of Gary v. Cox* (1987), Ind.App., 512 N.E.2d 452, 453, *reh. denied, trans. denied.*

Here, the relevant facts are clear. The document is titled "Certificate of Family Participation." (Record, p. 107.) Both Cynthia Shipp and an employee of the Housing Authority signed this document.

According to the certificate, the "Public Housing Authority hereby certifies that the Family headed by Cynthia Shipp is authorized to participate in the Section 8 Existing Housing Program of this PHA." (Record, p. 107.)

After emphasizing the need for dwelling units to be in a "Decent, Safe, and Sanitary Condition," the document outlines the procedure in obtaining housing assistance. In paragraph 2, the document states that upon finding a suitable dwelling unit, "the Family should submit to the PHA the Request for Lease Approval, Proposed Lease and Addendum to [the] Lease...." *Id.*

In paragraph 9, the certificate states that the deadline for submission of these three items is "December 28, 1983, (60) days from the date of this Certificate." *Id.* This would place the certificate's date at approximately October 28, 1983.

The certificate does not mention Oak Knoll Terrace Apartments.

Cynthia Shipp does not claim to have submitted any of the three documents required; the Housing Authority had never received a Request for Lease Approval, the Proposed Lease, nor the Addendum to the Lease.

As found above, the court's findings relevant to this dispute are clearly erroneous. Looking at the material facts, there are no genuine issues. Therefore, the trial court should have granted the Housing Authority's motion to dismiss/summary judgment.

REVERSED.

HOFFMAN and MILLER, JJ., concur.