Vicki CROMER, Administratrix of the estate of Delmas Cromer; Devon S. Cromer, a Minor; and Darren S. Cromer, a Minor, by their next friend and natural parent, Vicki Cromer, Appellant (Plaintiff Below),

v.

CITY OF INDIANAPOLIS, Indiana, County of Marion, Appellee (Defendant Below).

No. 29A02–8712–CV–492.

Court of Appeals of Indiana, Third District.

July 10, 1989.

J. David Hollingsworth, Hollingsworth, Meek & Miller, P.C., Indianapolis, for appellant.

Mary Ann G. Oldham, City–County Legal Div., Indianapolis, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Vicki Cromer, as administratrix of the estate of Delmas Cromer and as next friend and natural parent of the minor children, Devon and Darren Cromer, appeals the entry of summary judgment in Cromer's wrongful death action against the defendant-appellee City of Indianapolis (City).

The facts giving rise to Cromer's claim for wrongful death may be summarized as follows. On March 31, 1983, Delmas Cromer was involved in an automobile collision at the intersection of State Road 67 and East County Line Road 700 West (County Line Road). Delmas Cromer was travelling in a northeasterly direction on State Road 67. The other driver involved in the accident, Donald Saylor, Jr., was southbound on County Line Road. Saylor failed to stop at a stop sign located at the intersection of County Line Road and State Road 67, and the resulting collision caused the death of Delmas Cromer.

County Line Road is a two-lane road which forms the boundary between Marion County and Hancock County. A railroad crossing with two tracks bisects County Line Road a short distance north of State Road 67. County Line Road is relatively flat and straight until after it intersects with the railroad tracks. From the railroad crossing to State Road 67, the elevation of County Line Road drops 30 degrees.

The intersection of County Line Road and State Road 67 is controlled by the State of Indiana. At the time of the accident, there was no traffic control device on State Road 67. Southbound traffic on County Line Road entering or crossing State Road 67 was required to stop at a stop sign. In addition to the stop sign, the other signs and traffic control devices which were in place at the time of the accident included crossbucks at the railroad crossing and an advance warning sign of the railroad crossing.

In her wrongful death action against the City, Cromer alleged that the City had a duty to cure certain defects in County Line Road which caused the intersection of County Line Road and State Road 67 to be dangerous. In the alternative, Cromer contended that the City had a duty to warn of the dangerous nature of the intersection. The City argued that it was immune under Indiana's Tort Claims Act, IND. CODE § 34–4–16.5–1 *et seq.* (1988 Ed.), and on that basis, the City moved for summary judgment. The lower court granted summary judgment in favor of the City.

On appeal, Cromer raises four issues:

(1) whether the trial court erroneously granted summary judgment on the grounds that establishment of a speed limit on County Line Road was a legislative function for which the City was immune under the Indiana Tort Claims Act;

(2) whether the trial court erred in granting summary judgment, because the City had a duty to cure the hazardous condition at the intersection of County Line Road and State Road 67 by causing County Line Road to end in a cul-de-sac;

(3) whether the trial court erred in granting summary judgment, because there was a genuine issue as to the authority of the City to place warning signs on County Line Road; and

(4) whether the trial court erroneously granted summary judgment on the grounds that the placement of warning signs was a discretionary function for which the City was immune under the Indiana Tort Claims Act.

■ When presented with a challenge to the entry of summary judgment, the reviewing court must determine whether there is any genuine issue of material fact and whether the trial court correctly applied the law. *McFarlin v. State* (1988), Ind.App., 524 N.E.2d 807, 808. Cromer maintains that the trial court incorrectly applied the law when it determined that the City was immune from liability for the establishment of an allegedly unsafe and dangerous speed limit on County Line Road. The finding of immunity was based upon IND.CODE § 34–4–16.5–3(7) (1988 Ed.):

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\*　　\*　　\*　　\*　　\*　　\*

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment...."

■ The speed limit on County Line Road was established by the legislative branch of the City, namely the City–County Council. The Council's decision to post a 40 mile per hour speed limit on County Line Road fell under the umbrella of governmental immunity created by the Tort Claims Act. *Id.* The lower court properly held that the City was immune from liability for injuries allegedly arising as a result of the 40 mile per hour speed limit.

According to Cromer, a second example of incorrect application of the law may be found in the lower court's failure to recognize a duty on the part of the City to implement a recommendation that County Line Road end in a cul-de-sac north of State Road 67. The City's response is, in essence, a claim of discretionary act-based governmental immunity.

IND.CODE § 34–4–16.5–3(6) (1988 Ed.) provides immunity to a governmental entity if a loss results from the performance of a discretionary function. In defining discretionary acts immune from liability under IND.CODE § 34–4–16.5–3(6), the Indiana Supreme Court has distinguished acts performed at the planning level from acts performed at the operational level. *Peavler v. Monroe Cty. Bd. of Com'rs* (1988), Ind., 528 N.E.2d 40, 43.

"Under the planning/operational dichotomy, the type of discretion which may be immunized from tort liability is generally that attributable to the essence of governing. Planning activities include acts or omissions in the exercise of a legislative, judicial, executive or planning function which involves formulation of basic policy decisions characterized by official judgment or discretion in weighing alternatives and choosing public policy. Government decisions about policy formation which involve assessment of competing priorities and a weighing of budgetary considerations or the allocation of scarce resources are also planning activities." [Citations omitted.] *Id.* at 45.

■ In the instant case the City, through its Department of Transportation, received a recommendation that County Line Road be closed north of State Road 67. The City considered the costs of closing the road, the availability of alternate routes, the absence of financial participation from the railroad and the lack of cooperation from Hancock County. Ultimately, the City decided not to implement the recommendation. The decision-making process employed by the City was an executive function characterized by official judgment in the weighing of alternatives, competing pri-

orities and budgetary considerations. Thus the City was involved in a planning activity which constituted a discretionary function under the Indiana Tort Claims Act. No liability attached to the City's decision not to redesign County Line Road so that it would end in a cul-de-sac.

The trial court properly entered summary judgment on the grounds that the City was immune from liability for any negligence regarding the speed limit on County Line Road and the redesign of County Line Road. Yet in addition to her argument that the City had a duty to cure the allegedly hazardous conditions on County Line Road, Cromer asserts that the City had a duty to warn of those conditions. Cromer contends that summary judgment was erroneous, because there was a genuine issue as to the City's authority to place warning signs on County Line Road.

 In determining whether a genuine issue of material fact exists which would preclude summary judgment, the court on appeal looks at the evidence most favorable to the non-moving party and the reasonable inferences to be drawn from that evidence. *McFarlin, supra,* 524 N.E.2d at 808. The evidence most favorable to Cromer discloses that the City had jurisdiction over County Line Road with respect to traffic control. If County Line Road had been redesigned to end in a cul-de-sac, the City would have been responsible for the installation of "Road Closed Ahead" signs. Warning signs placed along County Line Road by the City of Lawrence were unauthorized and could be removed upon order from the City of Indianapolis. Such evidence supports the inference that the City had authority to place signs advising of the stop at the intersection of County Line Road and State Road 67, despite testimony that all information signs leading to the intersection would be under the jurisdiction of the Indiana Department of Highways. A genuine issue of material fact existed.

The City avers that summary judgment was proper notwithstanding the existence of a factual issue concerning its authority to erect warning signs. Even if it had authority to place warning signs along County Line Road, the City reasons that its decision not to install such signs was discretionary under Indiana's Tort Claims Act. Cromer insists that the entry of summary judgment on the basis of immunity was erroneous.

The Indiana Supreme Court has indicated that decisions regarding the placement of warning signs are not *per se* discretionary. *Peavler, supra,* 528 N.E.2d at 47.

"The discretionary nature of a decision to place a warning sign must be determined case by case. Immunity may be established by government defendants who can show that the challenged decision was discretionary because it resulted from a policy oriented decision-making process. If the [government defendants] engaged in this decisionmaking process, the courts may not judge the wisdom of their decisions. That judgment is left to the political process." *Id.*

 The City has not shown that it consciously balanced risks and benefits to arrive at a decision not to place warning signs along County Line Road. To the contrary, the evidence demonstrates that the City never fully explored the option of installing warning signs; rather, the City assumed that the placement of information signs was the responsibility of the State.

Therefore, questions of fact remain concerning the City's immunity from liability for failure to erect warning signs along County Line Road. Those questions are whether the City had authority to place warning signs at the intersection in question and, if so, whether the City's failure to erect a warning sign arose from a judgment based on policy considerations. Given the existence of genuine issues of material fact, the summary judgment in favor of the City must be reversed.

GARRARD and SHIELDS, P.JJ., concur.