Betty Jean SAUDERS, Personal Representative of the Estate of Mark S. Sowles, Deceased, Appellant (Plaintiff Below),

v.

The COUNTY OF STEUBEN, State of Indiana; Lawnie M. McClelland, as Sheriff of Steuben County, Indiana; Steuben County County Board of Commissioners; Gregory W. Aldrich; and Mark Klink, Employees of the Steuben County Sheriff's Department, Appellees (Defendants Below).

No. 92A03-9005-CV-213.

Court of Appeals of Indiana,
Third District.

Jan. 7, 1991.

See also 527 N.E.2d 222.

Kurt Bentley Grimm, Kevin L. Likes, Grimm & Grimm, P.C., Auburn, for appellant.

Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellees.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Betty Jean Sauders, personal representative of Mark Sowles' estate, appeals the trial court's grant of summary judgment to the defendants-appellees.

The facts relevant to this appeal disclose that on April 28, 1986, at approximately 11:00 P.M., Mark Sowles was operating a motor vehicle which rear-ended the patrol car of Dennis Fee of the Angola Police Department. Due to Fee's involvement in the accident, Indiana State Police Trooper Richard Lewis investigated the accident. Lewis noticed a strong odor of alcohol on Sowles' breath and that Sowles' eyes were bloodshot and his speech was slurred. A chemical test for intoxication was performed revealing Sowles' blood alcohol level to be .15%.

Sowles was arrested and charged with operating a vehicle while intoxicated, IND. CODE § 9–11–2–1, *et seq.* (1988 Ed.). Due to the charge, Sowles was required to be incarcerated a minimum of four hours. IND.CODE § 35–33–1–6 (1988 Ed.).

At approximately 12:10 A.M., Sowles was brought to the Steuben County Jail. After the standard procedures were completed, Sowles was placed in a cell at approximately 12:30 A.M. to 12:35 A.M. Sowles was issued a wool blanket to keep him warm.

Sowles attempted suicide by hanging himself in his cell by making a noose from the wool blanket. He was found at approximately 1:17 A.M. and medical care was administered. Sowles died at a later date.

His estate is suing claiming that defendants were negligent in their care and supervision of Sowles. The defendants filed a summary judgment motion claiming immunity pursuant to IND.CODE § 34–4–16.5–3(7) (1988 Ed.). The trial court granted summary judgment.

One issue is raised for review: whether the Indiana Tort Claims Act provides immunity from liability for the Sheriff of Steuben County and his employees for alleged negligent acts committed at the county jail during Sowles' incarceration.

Appellant claims that the defendants' negligent care and supervision of Sowles during his incarceration should not be immune from liability. Appellant contends that defendants' acts should not be considered "enforcement of a law," but rather administrative duties.

The sheriff has a duty to "take care of the county jail and prisoners there" pursuant to IND.CODE § 36–2–13–5(a)(7) (1988 Ed.). However, this duty can properly be considered enforcement of a law. Therefore, immunity from liability will be granted even if the duty is negligently performed. This immunity statute, provided under the Indiana Tort Claims Act, reads in relevant part:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment."

IND.CODE § 34–4–16.5–3(7) (1988 Ed.).

A similar situation was presented in *City of Gary v. Cox* (1987), Ind.App., 512 N.E.2d 452. In that case, a police officer was guarding a prisoner at a hospital as he was recovering from surgery. The officer was

performing her duty, as was mandated by statute, to preserve the peace and prevent offenses. However, while guarding the prisoner, he escaped. In deciding whether her duties constituted enforcement of a law, the Court noted that law enforcement necessarily involves a broad continuum of duties. *Id.* at 454. Immunity is provided for these duties even if the duties are performed in a negligent manner.

> *Id.*;
> see, *Seymour Nat. Bank v. State* (1981), Ind., 422 N.E.2d 1223.

Since the police officer was acting within the scope of her employment in guarding the prisoner, the Court held that she was enforcing the law and entitled to immunity pursuant to IND.CODE § 34–4–16.5–3(7).

The defendants in this case were mandated by statute to take care of the jail and prisoners. While in the performance of these duties, Sowles attempted suicide. The defendants were clearly enforcing the law in taking care of prisoners in their custody and are therefore, entitled to immunity for any alleged negligent acts.

Affirmed.

STATON and ROBERTSON, JJ., concur.