**Russell A. BEVIS, Appellant (Plaintiff Below),**

v.

**CITY OF INDIANAPOLIS and Tim A. Leffler, Appellees (Defendants Below).**

**No. 73A04–9002–CV–00064.**

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1991.

John P. Young, Young & Young, Indianapolis, for appellant.

Thomas M. Carusillo, City County Legal Div., Indianapolis, for appellees.

CHEZEM, Judge.

### Case Summary

Plaintiff/Appellant, Russell Bevis (Bevis), appeals the trial court's grant of summary judgment in favor of Defendants/Appellees, City of Indianapolis (City) and Lieutenant Tim A. Leffler (Lt. Leffler). We affirm.

### Issue

Whether the trial court properly ruled that the City and Lt. Leffler were entitled to immunity pursuant to Ind.Code 34–4–16.-5–3(7) [1].

### Facts

The facts are as follows:

On January 25, 1989, Bevis was stopped in the left lane of northbound Shadeland Avenue in Indianapolis. He was waiting to turn left onto East 42nd Street. Lt. Leffler, an Indianapolis Police Department Lieutenant, was on duty and, although not dispatched to the scene, was driving to

---

1. I.C. 34–4–16.5–3(7):

A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

... (7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment; ...

assist officers in investigating a burglary in progress. While trying to locate the street on which the burglary was occurring, Leffler was traveling northbound on Shadeland and struck Bevis' auto in the rear. Bevis incurred personal injury which is the basis for his cause of action. The trial court granted summary judgment to the City and to Lt. Leffler on the basis that they were immune from liability under I.C. 34-4-16.5-3(7).

### Discussion and Decision

We first note that this is an appeal from the granting of summary judgment. When reviewing a grant of summary judgment, the standard on review is the same as it was for the trial court: whether the moving party was entitled to judgment as a matter of law. *Farm Bureau Co-op. v. Deseret Title Holding Corp.* (1987), Ind. App., 513 N.E.2d 193. We stand in the position of the trial court and consider the same matters. *Moll v. South Central Solar Systems* (1981), Ind.App., 419 N.E.2d 154. A fact is material for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Delk v. Board of Commissioners of Delaware County* (1987), Ind.App., 503 N.E.2d 436.

Bevis asserts that Lt. Leffler's activities do not fall within the immunity provision because he was not "enforcing the law" at the time of the accident. Leffler's duties include supervision of subordinate officers. It is Bevis' contention that because Leffler was not required or requested to go to the crime scene to which he was proceeding, he was not "enforcing the law" within the breadth of the statute. He asserts that in finding Lt. Leffler was enforcing the law, we would be expanding the protection of I.C. 34-4-16.5-3(7) beyond the scope of the public policy it was designed to promote. We do not agree.

Bevis cites Justice Hunter's dissent in *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, which states in part:

In short, behind the court's opinion here today waits a Pandora's box of unsettling questions which will revolve around dubious distinctions between the "administration" and "enforcement" of the law. *Id.* at 1229.

We do not feel that our decision will open any such "Pandora's box." "This court has recently noted that law enforcement involves a 'broad spectrum of duties' and that I.C. 34-4-16.5-3(7) provides immunity where an officer is 'acting within a broad spectrum of activities.'" *McFarlin v. State* (1988), Ind.App., 524 N.E.2d 807, 808 (citing, *City of Gary v. Cox* (1987), Ind. App., 512 N.E.2d 452, 454). Part of Lt. Leffler's duties require him to take control of the scene of an investigation if necessary. Moreover, his supervisory duties do not prevent him from providing assistance to other officers. It would not be prudent to discourage supervisory personnel from aiding their subordinates.

There is no question that the help of one unit to another is an important facet of effective law enforcement, and it would be a dangerous precedent to set a standard which would cause law enforcement officers to hesitate before lending assistance to another officer. The protection of law enforcement officers in such a situation is entirely consistent with the stated purpose of the granting of immunity by the Indiana Tort Claims Act: The policy underlying the statute is to protect public officials in the performance of their duties by preventing harassment by threats of civil litigation over decisions they make *within the scope of their position.* [Citation omitted.] [Emphasis supplied.]

*Indiana State Police v. Swaggerty* (1987), Ind.App., 507 N.E.2d 649, 651, *reh. denied, trans. denied.* In *Swaggerty,* the officer was assisting another officer by pursuing a fleeing vehicle. That act was within the scope of the officer's position. Similarly, it is well within the scope of Lt. Leffler's position to go to the scene of a crime and supervise an investigation. The accident occurred while Lt. Leffler was looking for the street on which the crime was taking place. While he may have been negligent, there is no allegation of a wanton failure to keep a lookout. His actions were to "en-

force the law" within the meaning of the statute, by assisting his fellow officers.

Although we are not bound by the trial court's purported findings of facts and conclusions of law in matters of summary judgment, *Farm Bureau Co-op, supra,* we agree with the trial court "whether Leffler was dispatched to the burglary site or whether he radioed that he was responding to the call is not dispositive of the issue of whether Leffler was enforcing the law." Bevis supplies great emphasis in his argument and in the case law he cites, to Leffler's lack of lights and sirens in going to the crime scene and in failing to radio dispatch regarding his destination. It is apparent to this court that an officer would not be using lights and sirens when going to a burglary in progress in fear of the burglar fleeing before apprehension. We see no need for the use of lights and sirens to be a requirement to enact immunity under the statute. As for the failure to inform dispatch that he was going to the scene, this is by no means a requirement for "enforcing the law." Although case law shows that this may be the normal procedure, establishing this as a requirement to immunity would deter officers from "enforcing the law" any time they are without access to their radio; this deterrence we do not wish to create. Lt. Leffler was "enforcing law" when the accident occurred and is immune from liability under I.C. 34–4–16.5–3(7). The trial court correctly granted summary judgment.

Affirmed.

MILLER and SHIELDS, JJ., concur.