The SEYMOUR NATIONAL BANK, as Guardian for Timothy Clyde O'Sullivan, the Seymour National Bank, as Special Administrator of the Estate of Deborah O'Sullivan, John L. O'Sullivan, Plaintiffs-Appellants,

v.

STATE of Indiana, Defendant-Appellee.

No. 781S185.

Supreme Court of Indiana.

Nov. 24, 1981.

Kenneth A. Layton, Montgomery, Elsner & Pardieck, Seymour, for plaintiffs-appellants.

Lloyd H. Milliken, Jr., Locke, Reynolds, Boyd & Weisell, Linley E. Pearson, Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Indianapolis, Thomas C. Bigley, Jr., Sharpnack, Bigley, David & Rumple, Columbus, for defendant-appellee.

ON PETITION FOR REHEARING

PRENTICE, Justice.

The case is before us upon the petition of the Plaintiffs (Appellants) for rehearing and Defendant's (Appellee's) response thereto.

We now grant the petition for rehearing for the purpose of clarifying our opinion of July 10, 1981 (reported at 422 N.E.2d 1223) and to address three issues presented by Plaintiffs' initial brief, and which were inadvertently omitted from our prior opinion, to-wit:

"2. Whether the existence of liability insurance which provides coverage for the losses claimed by the plaintiffs, constitutes a waiver, to the extent of the limits of insurance coverage, of any immunity granted by IC 34-4-16.5-3(7).

"3. Whether IC 34-4-16.5-3(7) is unconstitutional as violative of Section 12 of Article I of the Indiana Constitution which guarantees all persons a remedy for injuries to their person and property.

"4. Whether IC 34-4-16.5-3(7) is unconstitutional in that it denies the plaintiffs equal protection of the law by granting privileges and immunities prohibited by Section 23 of Article I of the Indiana Constitution and Section 1 of the Fourteenth Amendment of the United States Constitution."

## MODIFICATION OF PRIOR OPINION

We continue to reject Petitioners' claims that the Legislature merely codified the case law when it passed Ind.Code 34-4-16.-5-3(7). The language of the statute as amended is clear.[1] The State of Indiana and its employees are not liable for losses resulting from the enforcement of or failure to enforce a law, unless such enforcement constitutes false arrest or false imprisonment. It does not follow, however, that the statute necessarily grants immunity for all acts of law enforcement officers committed while engaged in the enforcement of the law. If the injury in question resulted from the enforcement of a law, immunity is granted to both the governmental entity and to the employee, notwithstanding that the enforcement resulted in a loss that would not have occurred but for the negligent manner in which the duty was performed. However, an employee's acts, although committed while engaged in the performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken. In such a case, it cannot be said that an injury resulting therefrom resulted from the performance of the duty. Such acts, whether intentional or willful and wanton, are simply beyond the scope of the employment.[2]

■ Plaintiffs characterize our determination, that the statute is not ambiguous and must be given its plain meaning, as being prejudicial to the public interest in that it immunizes governmental entities *and its employees* from all liability for all losses that result from any act which can *possibly* be characterized as enforcement of the law. We cannot agree. Our interpretation does result in the grant of such immunity for losses that result from any act which can properly be characterized as enforcement of the law, but we do not regard this as being against the public interest, and it is clearly a matter that the Legislature may determine. With regard to those acts that are so incompatible with the performance of duty as to be outside the scope of the employment, there is no statutory grant of immunity either to the employee or to the governmental entity, which has no need for it, inasmuch as there is no basis for liability in it.

1. Other state Legislatures have created liability for the negligent operation of a vehicle. Mich. Comp.Laws Ann. § 691.1405 (West 1968) (all employees, agents, and officials driving state owned vehicles); Minn.Stat.Ann. § 375.31 (West 1968) (county may indemnify officer for damage caused by negligent operation of a motor vehicle); N.Y.Gen.Mun.Law § 50-c (McKinney 1977) (policemen and firemen other than the City of New York); Pa.Stat.Ann. tit. 42 § 5522 (Purdon 1980) (notice of claim against municipality for negligence of employee).

2. For a consideration of factors determinative of whether or not questionable acts of the employee, were within the scope of employment, *see* Restatement of the Law 2d, Agency, §§ 228-237 and 245.

Some jurisdictions have held that governmental entities are not liable for injuries occasioned by the use of excessive force by police officers engaged in the performance of their duties upon the theory that such action is outside the scope of their duties. Annotation at 88 A.L. R.2d 1330.

■ The issue which the trial court faced and which we face in review of Defendant's motion for summary judgment is whether a jury could have found from the facts construed in a light most favorable to Plaintiffs that the losses sued for resulted from acts of Trooper Richey for which Defendant, the State of Indiana, was liable. It is clear that even if the accident resulted from the negligence of the trooper for which the defendant would otherwise be liable, it was, nevertheless, immune under the express terms of the statute.

We now turn to a consideration of the previously omitted issues:

## ISSUE II

■ Plaintiffs contend that liability insurance held by the defendant would reimburse it for any loss that it might sustain by reason of an adverse judgment herein and that the immunity granted by the statute has been waived, to the extent that losses are reimbursable, either by the statutory authorization for such insurance, contained in the Tort Claims Act, or by considerations of public policy favoring the spreading of losses by means of insurance. We find no merit to this argument, as the determination of public policy is the prerogative of the Legislature, and there is nothing about the Tort Claims Act providing for such waiver or expressing such a public policy.

Additionally, although Defendant by an answer to interrogatories, acknowledged the existence of liability insurance with respect to the accident, neither the question nor the answers compel the conclusion that the insurance was an unconditional agreement to indemnify.

## ISSUE III

■ Petitioners contend that Ind.Code § 34–4–16.5–3(7) violates Article I, Section 12 of the Indiana Constitution:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

A similar challenge was advanced and correctly rejected in *Krueger v. Bailey*, (1980) Ind.App., 406 N.E.2d 665, 670–71.

## ISSUE IV

Lastly, Petitioners contend that Ind.Code § 34–4–16.5–3(7) violates the Equal Protection Clause of the Fourteenth Amendment:

"Plaintiffs submit that there is no rational basis for a classification which immunizes an employee of a governmental entity, with or without statutory arrest powers, for damages caused by his conduct while leaving all other citizens of the State, who are not employed by a governmental entity, liable for damages resulting from their conduct in exercising their right to enforce the law."

Petitioners' argument assumes that the statute applies to cases which are not before us. His complaint was not against a citizen but against the State.

The petition for rehearing is granted. The judgment of the trial court is affirmed.

GIVAN, C. J., and PIVARNIK, J., concur.

DeBRULER, J., votes to grant rehearing and reverse the trial court.

HUNTER, J., concurs in part and dissents in part with opinion.

HUNTER, Justice, dissenting in part, concurring in part.

I concur with the majority in its conclusion that the scope of immunity established by the legislature in Ind.Code § 34–4–16.5–3(7) (Burns 1980 Supp.) does not embrace conduct of a willful and wanton nature. I must respectfully dissent from the majority opinion in two respects, however:

1. I am not persuaded the statutory phrase "enforcement of a law" is unambiguous; and

2. I am unable to join the conclusion the trial court should be affirmed in its decision to grant summary judgment.

The rationale for my position was fully explained in my dissent to this Court's original opinion in this cause. *Seymour Nat. Bank v. State*, (1981) Ind., 422 N.E.2d 1223, 1227 (DeBruler, J., and Hunter, J., dissenting). For purposes of brevity, it is not necessary here to reiterate that analysis *in toto*.

Suffice it to say the term "enforcement," however it might admit of a succinct definition, simply cannot be applied with any degree of exactitude or consistency to the wide range of governmentally-regulated activities. In the factual context before us—a high speed police chase prompted by facts sufficient to justify police action—we can resolutely describe the conduct as clearly within the ambit of the term "enforcement" of a law. With equal certainty it can be opined that time will yield up circumstances wherein litigation will turn on esoteric debate over whether particular governmental conduct constituted the "enforcement," "administration," or "implementation" of a law. *Id.* That the resolution of those disputes will be guided by the likes of Webster and Roget points up the ambiguity of the term "enforcement" which attaches not on its face, but in its application.

Conceding the applicability of the term to the instant case, it still cannot be said as a matter of law the police conduct at issue fell within the limited scope of the statute. Whether the police officer's conduct constituted mere negligence, as within the statute, or willful and wanton misconduct, as outside the scope of immunity is a question of fact peculiarly incapable of resolution via summary judgment. That conclusion is necessitated by the strictures of Ind.R.Tr.P. 56 and our common law. *See, e. g., Stapinski v. Walsh Const. Co., Inc.*, (1979) Ind., 395 N.E.2d 1251; *Clouse v. Peden*, (1962) 243 Ind. 390, 186 N.E.2d 1. Consequently, like the Court of Appeals, I believe the summary judgment rendered by the trial court was inappropriate.

This case is one of those upon which legal minds can properly differ. It is also one with significant ramifications. The legislature would do well to examine the language employed in Ind.Code § 34–4–16.5–3(7), *supra*, and clarify its import; meanwhile, troublesome questions surrounding the issue before us lie ahead.

For the foregoing reasons, I would vacate our original opinion and reinstate the opinion of the Court of Appeals found at *Seymour Nat. Bank v. State*, (1979) Ind.App., 384 N.E.2d 1177.

I dissent in part and concur in part.