INDIANA STATE POLICE DEPARTMENT and Trooper James Spiller, Appellants (Defendants Below),

v.

Kellice SWAGGERTY, Melba Caldwell and Melba Ballinger, Appellees (Plaintiffs Below).

No. 37A03–8612–CV–346.

Court of Appeals of Indiana, Third District.

May 18, 1987.
Rehearing Denied July 9, 1987.

---

Michael S. Baechle, Whitted and Buoscio, Merrillville, for appellants.

John M. Kopack, Gilyan, Hanson & Kopack, Merrillville, for appellees.

HOFFMAN, Judge.

The Indiana State Police Department and Trooper James Spiller appeal from the denial of their motion for summary judgment of the claim filed against them in Jasper Circuit Court by Kellice Swaggerty, Melba Caldwell and Melba Ballinger (plaintiffs).

The relevant facts of this case are undisputed: On September 30, 1983, Trooper Spiller, an employee of the Indiana State Police Department, was on automobile patrol duty in Gary, Indiana. Shortly after 10:00 P.M. of that evening, Trooper Spiller heard a call on his radio from a Gary police officer who stated that he was in pursuit of a vehicle fleeing westbound on 5th Avenue in Gary and requested assistance. Trooper Spiller then notified Indiana State Police Post 13 that he was going to assist in the pursuit of the vehicle. Trooper Spiller,

who already had his headlights on, then engaged his siren, his deck lights and his overhead red lights. As Trooper Spiller approached the intersection of 4th Avenue and Grant Street, he saw the traffic signal turn red and the plaintiffs' vehicle crossing the intersection in front of his vehicle. Although Trooper Spiller swerved away from the plaintiffs' vehicle, he could not avoid a collision with the vehicle.

After plaintiffs Swaggerty, Caldwell and Ballinger sued for damages, the Indiana State Police Department and Trooper Spiller moved for summary judgment on the basis that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. In moving for summary judgment, the Department and Trooper Spiller relied on the immunity granted by the Indiana Tort Claims Act and specifically IND.CODE § 34–4–16.5–3(7) (1985 Supp.):

"Sec. 3. A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(7) the adoption and *enforcement of* or failure to adopt or enforce *a law* (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment[.]" (Emphasis added.)

The trial court denied the Department's and Spiller's motion for summary judgment finding that a genuine issue of material fact existed as to whether Trooper Spiller was acting within the scope of his employment and enforcing a law at the time of the accident:

"Therefore, the Court finds that the operation of a police vehicle eleven blocks away from the chase at speeds in excess of 110 miles per hour on the early evening hours of busy thoroughfares and streets might be interpreted by a jury as an act so willful and wanton as to raise it beyond the scope of the employment of the police officer." [1]

1. Both parties agree on appeal that there was no evidence introduced that Trooper Spiller was

travelling in excess of 110 miles per hour at the time of the accident, and that the court appar-

In so ruling, the trial court relied on language of the Indiana Supreme Court taken from the opinion on a petition for rehearing in the case of *Seymour National Bank v. State* (1981), Ind., 428 N.E.2d 203, 204, where the Court discussed the limitations of the immunity from liability granted to law enforcement officers under IND.CODE § 34–4–16.5–3(7):

> "It does not follow, however, that the statute necessarily grants immunity for all acts of law enforcement officers committed while engaged in the enforcement of the law.... [A]n employee's acts, although committed while engaged in the performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken. In such a case, it cannot be said that an injury resulting therefrom resulted from the performance of the duty. Such acts, whether intentional or willful and wanton, are simply beyond the scope of the employment." (Footnote omitted.) 428 N.E.2d at 204.

■ The granting of a motion for summary judgment is proper when there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Hayes, Extrx. v. Second Nat'l Bank* (1978), 176 Ind.App. 299, 302, 375 N.E.2d 647, 650. There was no dispute in this case that Trooper Spiller was on duty and in the act of assisting another law enforcement officer at the time of the accident. On motion for summary judgment, when the evidence presented by one party establishes the lack of any genuine issue of material fact, it is incumbent upon the opposing party to set forth specific facts showing there is a genuine issue of material fact. *Poole v. Corwin* (1983), Ind.App., 447 N.E.2d 1150, 1151. At the hearing conducted on the motion for summary judgment and in their brief of appellees, the plaintiffs argue that because Trooper Spiller did not know of any violation of law committed by the driver of the vehicle fleeing the Gary police officer, an issue of material fact existed as to whether Trooper Spiller was actually enforcing the law at the time of the accident and thus protected from tort claims by IND.CODE § 34–4–16.5–3(7).

■ This argument is unpersuasive. Trooper Spiller was informed by police radio that a fellow law enforcement officer was pursuing a fleeing vehicle and requested assistance. Assisting in the chase of a fleeing vehicle is certainly an act enforcing the law.

The trial court's conclusion that the actions of Trooper Spiller could be construed as being outside the scope of his employment, and thus unprotected by IND.CODE § 34–4–16.5–3(7), is in error. In the very case relied upon by the trial court in denying the Department's and Trooper Spiller's motion for summary judgment, our Supreme Court upheld the granting of a motion for summary judgment in favor of an Indiana State Trooper who had collided with another vehicle while involved in a high speed chase, stating that IND.CODE § 34–4–16.5–3(7) expressly provided immunity in such a situation. *Seymour Nat. Bank, supra,* at 205. *See also, Seymour Nat. Bank v. State* (1981), Ind., 422 N.E.2d 1223, 1224.

The court's finding that Trooper Spiller was several blocks away from the actual chase scene does not distinguish this case from the holding in *Seymour Nat. Bank.* It is axiomatic that assisting another law enforcement officer is within the scope of employment of Trooper Spiller. There is no question that the help of one unit to another is an important facet of effective law enforcement, and it would be dangerous precedent to set a standard which would cause law enforcement officers to hesitate before lending assistance to another officer. The protection of law enforcement officers in such a situation is entirely consistent with the stated purpose of the granting of immunity by the Indiana Tort Claims Act: The policy underlying the statute is to protect public officials in the performance of their duties by preventing

---

ently took that speed from the evidence that the Gary police officer was travelling at speeds in excess of 110 miles per hour. There was also

undisputed evidence that the accident occurred at 10:32 P.M., a time generally not considered to be in the "early evening hours."

harassment by threats of civil litigation over decisions they make within the scope of their positions. *Board of Com'rs of Hendricks County v. King* (1985), Ind. App., 481 N.E.2d 1327, 1330.

Since uncontradicted evidence was presented that Trooper Spiller was acting in the scope of his employment by enforcing the law at the time of the accident, summary judgment should have been granted in favor of the Indiana State Police Department and Trooper Spiller. Accordingly, the judgment of the trial court is reversed and remanded with instructions to enter summary judgment in favor of the Indiana State Police Department and Trooper Spiller.

Reversed and remanded.

SHIELDS, P.J., and STATON, J., concur.