**Steve CREWS, Michael Poindexter and City of Franklin, Defendants-Appellants,**

v.

**Sharon BROCKMAN, Plaintiff-Appellee.**

No. 41A01–8702–CV–45.

Court of Appeals of Indiana, First District.

July 21, 1987.

Rehearing Denied Aug. 27, 1987.

Richard S. Ewing, Donn H. Wray, Stewart, Irwin, Gilliom, Meyer & Guthrie, Indianapolis, for defendants-appellants.

Jack Rogers, Rogers & Gesse, Franklin, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Michael Poindexter (Officer Poindexter) and the City of Franklin (the City) appeal from the denial of their motion for summary judgment on a claim filed against them in the Johnson Superior Court by Sharon Brockman (Brockman).

We reverse.

### STATEMENT OF THE FACTS

Except as noted below, the relevant facts of this case are undisputed.

On the evening of January 24, 1986, Officer Poindexter, a reserve police officer employed by the City of Franklin, was on patrol. At approximately 11:15 p.m. that evening, Officer Poindexter received a call on his radio from his shift commander directing him to investigate a possibly violent domestic disturbance. Responding to the call, Officer Poindexter proceeded northbound on U.S. 31 with both lights and siren operating. Brockman disputes whether Officer Poindexter's siren was operating. While traveling north, Officer Poindexter approached the intersection at U.S. 31 and Schoolhouse Road. Noting that the traffic signal was red for northbound traffic, he slowed his vehicle and visually checked the intersection to determine whether it was clear. As Officer Poindexter proceeded into the intersection, he collided with a vehicle traveling eastbound on Schoolhouse Road. This vehicle was operated by Crews, and Brockman was a passenger.

Brockman brought suit against Crews, Officer Poindexter, and the City to recover damages for the injuries she sustained in the collision. Officer Poindexter and the City moved for summary judgment on the basis that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. In moving for

summary judgment, the City and Officer Poindexter relied upon the immunity afforded by IND.CODE 34–4–16.5–3(7) for those enforcing the law.

The trial court denied the motion for summary judgment, finding that "a threshold determination must be whether the act was discretionary or ministerial based upon IND.CODE 34–4–16.5–3(6)." *Record* at 80. Thereafter, the City and Officer Poindexter instituted this appeal.

## ISSUES

The following issue is presented for our review:

I. Whether a police officer en route to a domestic disturbance is engaged in the enforcement of a law of this state, entitling both the officer and the municipality to immunity from civil liability pursuant to IND.CODE 34–4–16.5–3(7).

## DISCUSSION AND DECISION

The principal issue to be resolved is whether Officer Poindexter was engaged in the enforcement of a law at the time of the collision such that he and the City are immune from civil liability under the provisions of the Indiana Tort Claims Act. IND. CODE 34–4–16.5–3(7) provides that:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

.    .    .    .    .

(7) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment."

This statute was also at issue in *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, *on rehearing* 428 N.E.2d 203. In *Seymour*, suit was brought against the Indiana State Police Department for damages arising from a collision involving a State Police officer. In that case, a State Police officer was engaged in a high-speed chase of another vehicle. The officer was in pursuit of the vehicle because it was traveling at excessive rates of speed and the bumper appeared to be in violation of height regulations. While in pursuit of the vehicle the state trooper collided with another vehicle, killing the driver. Citing IND.CODE 34–4–16.5–3(7), our supreme court upheld the granting of a motion for summary judgment in favor of the state trooper, because the state and its employees are not liable for losses resulting from the enforcement of or failure to enforce a law. The supreme court determined that the state trooper was involved in the enforcement of a law at the time of the accident.

■ Brockman attempts to distinguish this case from *Seymour*. She argues that because Officer Poindexter had not yet arrived at the scene of the domestic disturbance and did not have any knowledge that a law had been broken, his conduct cannot be properly characterized as enforcement of the law. Therefore, an issue of material fact exists as to whether Officer Poindexter was actually enforcing a law at the time of the accident and thus protected from tort claims by IND.CODE 34–4–16.5–3(7). This argument is unpersuasive. That Officer Poindexter had no knowledge that a law had been broken and had not yet arrived at the scene of the disturbance does not distinguish this case from *Seymour*.

This conclusion is consistent with our holding in *Indiana State Police v. Swaggerty* (1987), Ind.App., 507 N.E.2d 649. In *Swaggerty*, suit was brought against the State Police Department and a state trooper for injuries sustained in a collision involving a State Police patrol vehicle. In that case, a state trooper on patrol received a call from another police officer requesting assistance in the pursuit of a fleeing vehicle. An accident occurred, injuring plaintiffs, while the state trooper was en route to assist in the pursuit of the fleeing vehicle, but before he actually began assisting in the chase. The plaintiffs argued that an issue of material fact existed as to whether the trooper was involved in the enforcement of a law at the time of the accident because he did not know of any violation of law committed by the driver of the fleeing vehicle. This argument was

rejected. This court reversed the denial of the State's Motion for Summary Judgment, holding that the state trooper, en route to assist a fellow officer, was enforcing a law within the scope of his employment for purposes of statutory immunity. Specifically, we stated:

"The court's finding that Trooper Spiller was several blocks away from the actual chase scene does not distinguish this case from the holding in *Seymour Natl. Bank.* It is axiomatic that assisting another law enforcement officer is within the scope of employment of Trooper Spiller. There is no question that the help of one unit to another is an important facet of effective law enforcement, and it would be dangerous precedent to set a standard which would cause law enforcement officers to hesitate before lending assistance to another officer. The protection of law enforcement officers in such a situation is entirely consistent with the stated purpose of the granting of immunity by the Indiana Tort Claims Act: The policy underlying the statute is to protect public officials in the performance of their duties by preventing harassment by threats of civil litigation over decisions they make within the scope of their positions."

507 N.E.2d at 651–52. This case is indistinguishable from *Swaggerty.* Officer Poindexter and the City were entitled to summary judgment as a matter of law.

In addition to attempting to distinguish this case from *Seymour* and *Swaggerty,* Brockman would have us focus on IND. CODE 9–4–1–25, governing the conduct of emergency vehicles, to the exclusion of IND.CODE 34–4–16.5–3(7). Brockman's reliance on this statute, however, is misplaced. She fails to recognize that immunity presupposes liability. Even if the accident resulted from the negligence of Officer Poindexter in enforcing a law, he and the City would nevertheless be immune from liability under the express terms of IND.CODE 34–4–16.5–3(7). Brockman, however, attempts to raise the allegation that Officer Poindexter's conduct was wilful and wanton so as to remove him from the immunity afforded by IND.CODE 34–

4–16.5–3(7). This court struck down the willful and wanton argument in *Jacobs v. City of Columbus* (1983), Ind.App., 454 N.E.2d 1253.

■ In ruling on the motion for summary judgment, the trial court expressed belief that an initial determination must be whether Officer Poindexter's conduct was ministerial or discretionary in nature. This concern makes reference to IND.CODE 34–4–16.5–3(6), which provides immunity for loss resulting from the performance of discretionary acts. This statute has no application in this instance. The dispositive issue is whether Officer Poindexter was enforcing a law as discussed above.

■ In opposing the motion for summary judgment, Brockman also argues that the affidavits submitted in support of the motion were not sufficient. Specifically, Brockman contends that the affidavits were inadmissible and should not have been considered in determining what action to take on the motion because they failed to state their veracity. At the hearing, Brockman moved to strike the affidavits issued in support of the motion. The trial court denied Brockman's motion to strike, finding that the affidavits were sufficiently prepared and that Officer Poindexter's deposition submitted in support of the motion for summary judgment presented enough facts to render a decision on it.

The affidavits corroborating the motion for summary judgment each state that the affiant was "duly sworn upon [my] oath." *Record* at 48, 52, 56. Furthermore, each affidavit was signed befor a notary. *Record* at 50, 54, 57. While we acknowledge that the affidavits submitted in support of the motion were not models of draftsmanship, we find them to be sufficient. It was proper for the trial court to consider the affidavits. In any event, the motion for summary judgment was further supported by Officer Poindexter's deposition, corroborating the material facts necessary to render a decision on the motion. Any error, therefore, arising from the trial court's consideration of the affidavits was harmless.

Officer Poindexter was acting within the scope of his employment by enforcing a law at the time of the accident. Summary judgment should have been granted in favor of Officer Poindexter and the City. The judgment of the trial court denying the City's and Officer Poindexter's Motion for Summary Judgment is reversed and remanded with instructions to enter summary judgment in favor of the City and Officer Poindexter.

Judgment reversed and remanded.

RATLIFF, C.J., and HOFFMAN, J., concur.