James L. MILLION and Beverly Sue Million, Appellants
(Plaintiffs Below),

v.

Robert W. MULLEN, individually and d/b/a Mullen Towing and Recovery Service; Kevin L. Peters' and State of Indiana, By and Through its State Police Department, Appellees (Defendants Below).

No. 23A01–8911–CV–486.

Court of Appeals of Indiana, First District.

May 23, 1990.

Transfer Denied Aug. 31, 1990.

**1138**

Brent E. Clary, Roger Wm. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, for appellants.

John K. McBride, Ball Eggleston Bumbleburg & McBride, Lafayette, Linley E. Pearson, Atty. Gen., Angela L. Cheser, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Appellant-plaintiffs James and Beverly Million appeal the trial court's granting of summary judgment against them and in favor of appellee-defendant State of Indiana.

We affirm.

James Million brought this suit for injuries he suffered after being struck by a tow truck. Million, who worked for a wrecker company, was dispatched to the scene of a property damage accident. When he arrived, Trooper Raymond Benn had stopped at the scene of the car/truck accident to investigate it and render assistance. He had encountered the collision on his way to another accident to which he had been dispatched. After radioing his intent to assist at the new-found accident, Benn positioned his cruiser in the intersection with his flashing lights engaged. Benn also placed flares at a diagonal across the northernmost lane of the eastbound section of the highway, routing traffic around the accident into the southernmost lane.

When Million arrived, he immediately began hooking up the wrecked automobile to his tow truck. He succeeded in removing the vehicle from the traveled portion of the highway. After finishing that task, he got a broom from his truck and began sweeping debris from the accident to the curb of the roadway. At this time, at least some of the flares were still lit. Presently, a tow truck owned by defendant Mullen Towing and driven by defendant Kevin L. Peters entered the intersection and struck Million as he swept debris from the roadway.

Million filed suit against Mullen Towing and Peters, who are not parties to this appeal, and Trooper Benn. In the count against Benn and the State, Million alleged that Benn was negligent by his failure to warn oncoming traffic that the accident clean-up was proceeding, failure to control the traffic, and failure to protect the safety of clean-up personnel.

The State filed its motion for summary judgment, on behalf of itself and Trooper Benn, citing three provisions of the Indiana Tort Claims Act (ITCA) which would immunize Trooper Benn from liability for his actions: IND. CODE 34–4–16.5–3(6) the performance of a discretionary function; (7) the . . . enforcement of or failure to . . . enforce a law . . .; and (9) the acts or omissions of someone other than a governmental employee. The trial court issued findings of fact and conclusions of law granting the State's motion only on the basis of section 3, subsection 7 of the ITCA. Specifically, it found that Benn was involved in the investigation of the motor vehicle accident at all times and was acting within the scope of his duties as a state police trooper, and concluding his duties are within the scope of "law enforcement." Million appeals this ruling.

◼ Million's issue for review is whether the trial court correctly ruled that the State is immune under I.C. 34–4–16.5–3(7).

The central thesis of Million's argument is that the facts disclose that Trooper Benn owed Million a special duty, and that such a special duty would overcome any immunity reserved by the State under I.C. 34–4–16.5–3(7).

The supreme court in *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, *appeal dismissed,* 457 U.S. 1127, 102

S.Ct. 2951, 73 L.Ed.2d 1344 has held otherwise, where the State was sued for injuries to a motorist by a police officer involved in a high speed chase. The court granted transfer in that case, vacating our opinion at 384 N.E.2d 1177, in which we construed I.C. 34–4–16.5–3(7) to mean that the decision to enforce the law in a particular way is a discretionary function which will render a governmental officer immune from liability so long as the plaintiff is unable to establish a private duty. 384 N.E.2d at 1183. Earlier in that opinion, we had concluded that under the facts of the case, statutory and case law established a private duty toward individuals. 384 N.E.2d at 1184. In its transfer opinion, the court declared that we had erroneously decided a new question of law in our interpretation of I.C. 34–4–16.5–3(7). It pronounced the language of subsection (7) "clear and unambiguous" and held that the state trooper was immunized because he was engaged in the enforcement of a law.

Writing on the petition for rehearing, the supreme court deferred to legislative fiat immunizing an officer from liability for losses resulting from the enforcement of or failure to enforce a law, unless such enforcement constitutes false arrest or false imprisonment. 428 N.E.2d 203 at 204. We think that the supreme court's holding implicitly rejects the conclusion we reached in *Seymour*, 384 N.E.2d 1177 that a showing that a private duty is owed will overcome the statutorily-conferred immunity set out in I.C. 34–4–16.5–3(7).[1]

Accordingly, we hold that application of the public/private duty rule is not appropriate here, where the legislature has reserved immunity from losses resulting from enforcement of or failure to enforce a law, subject to an exception only for those acts which are so outrageous as to be incompatible with the performance of the

duty undertaken. *Seymour*, 428 N.E.2d 203, 204. We will leave for another day the issue of the vitality of the public/private duty rule under the present state of the law respecting immunity in the performance of discretionary functions.

■ Million urges us to apply to other statutory immunities, the supreme court's analysis of immunity for discretionary functions in *Peavler v. Board of Commissioners* (1988), Ind., 528 N.E.2d 40, by judging the officer's actions with respect to social wisdom, political practicability and economic expediency. *See id.* at 44–45. However, language in *Peavler* itself belies such an all-encompassing interpretation. Referring to a county's decision to post warning signs at an intersection, the court stated: "Had the legislature intended for such an act to be immune *outside the parameters of the discretionary function exception,* it could have provided specific immunity." 528 N.E.2d at 47. (Emphasis supplied.) The court patently reserved its planning/operational analysis for discretionary function immunity.

Also, several decisions analyzing an officer's conduct under the ITCA have not analyzed the facts in terms of whether the officer's acts were in the performance of a discretionary function; rather, the court found the officer was immunized because he was engaged in the enforcement of a law, thereby declining to intermix the two. *See Crews v. Brockman* (1987), Ind.App., 510 N.E.2d 707; *Weber v. City of Fort Wayne* (1987), Ind.App., 511 N.E.2d 1074.

■ We are left, then, to determine whether there remains any material factual issue respecting whether Trooper Benn was enforcing a law.

Our standard of review is well-settled for motions for summary judgment. In re-

---

**1.** Although language in *Roberts v. State* (1974), 159 Ind.App. 456, 307 N.E.2d 501, 506 and *Bd. of Comm'rs v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852, 862, would support such a conclusion, decisions in other jurisdictions acknowledge that although a special duty would permit a finding of liability (where a duty owed only to the public precluded liability) it would only do so in absence of statutorily-conferred

immunity. *See Schuster v. City of New York* (1958), 5 N.Y.2d 75, 180 N.Y.S.2d 265, 270–71, 272–73, 154 N.E.2d 534, 538, 539; *Williams v. State* (1983), 34 Cal.3d. 18, 192 Cal.Rptr. 233, 664 P.2d 137 ("the question of duty, [to which the special relationship concept pertains] is only a threshold issue, beyond which remain the immunity barriers ...").

viewing the grant of a motion for summary judgment, this court applies the same standard that the trial court applies. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We must accept as true the facts alleged by the non-moving party. Even if the facts are not disputed, summary judgment is not appropriate when conflicting inferences may be drawn from the facts. *Weber v. City of Fort Wayne, id.*

Trooper Benn's activities in investigating the car-truck accident come squarely within the interpretation of "enforcement of a law" as set out in recent cases, most notably in *McFarlin v. State* (1988), Ind.App., 524 N.E.2d 807. In that case, the plaintiff was struck by a car when he assisted a police officer in setting up flares to mark the accident scene. Finding that the act of setting up flares was one part of the officer's duties, engaged in for the purpose of protecting the property and individuals at the scene of an accident, the court concluded that under subsection 7 of the ITCA, the officer was immune. In another case, an officer was also immune from liability where he struck the rear of a car as the officer arrived at the scene of an automobile accident to which he had been dispatched. *Weber, supra.*

We reject Million's assertion that the evidence raises a genuine issue of material fact respecting whether Trooper Benn was, in fact enforcing a law because he was not aware that anyone had broken any laws when he stopped to begin his investigation. This same argument was dismissed in *Crews v. Brockman,* 510 N.E.2d 707.

Million also asserts that a genuine issue of fact exists because Benn had merely been engaged in a "routine administrative function" as opposed to some "higher-level" law enforcement activity such as pursuing a fleeing vehicle or handling a prisoner. However, he fails to adequately distinguish *McFarlin* on this basis, where that officer had been investigating an accident and setting out flares. We are reluctant to draw lines around those tasks attending the investigation of a motor vehicle accident which involve "high-level law enforcement" and those involving "routine administrative functions." In doing so, we would be resorting to an analysis like the planning/operational test for discretionary functions set out in *Peavler,* 528 N.E.2d at 43–46, applicable only to immunity based on performance of a discretionary function, I.C. 34–4–16.5–3(6). *Id.* at 42. Law enforcement necessarily involves a "broad spectrum of duties," *McFarlin, supra; City of Gary v. Cox* (1987), Ind.App., 512 N.E.2d 452 and any delimiting of the scope of "enforcement of a law" must be undertaken by the Legislature. *See Seymour,* 428 N.E.2d at 204.

Judgment affirmed.

RATLIFF, C.J., and GARRARD, J., concur.