**CITY OF WAKARUSA and Ken Miller, Appellant (Defendant Below),**

v.

**Monte W. HOLDEMAN, Appellee (Plaintiff Below).**

No. 20A03–8912–CV–572.

Court of Appeals of Indiana, Fourth District.

Sept. 27, 1990.

Robert T. Keen, Larry L. Barnard, Miller, Carson & Boxberger, Fort Wayne, for appellant.

Cynthia Phillips Smith, Mellinger and Bowers, Elkhart, for appellee.

CHEZEM, Judge.

## Case Summary

Defendants/Appellants, City of Wakarusa and Officer Ken Miller, appeal the trial court's denial of summary judgment. We affirm.

## Issue

Whether the trial court erred in determining there existed material issues of fact and in denying Wakarusa's Motion for Summary Judgment.

## Facts

On February 26, 1987, Officer Ken Miller (Miller), a deputy marshal for the City of Wakarusa, in Elkhart County, was involved in a motor vehicle accident with Monte W. Holdeman (Holdeman). Miller was traveling northbound on State Road 19 checking license plates of trucks traveling southbound. Miller was observing the license plates by looking in his rear-view mirror and over his shoulder. While he was checking the plates in this manner, Officer Miller failed to see the traffic ahead of him stop. He applied his brakes and skidded forty (40) feet into Holdeman's vehicle. Miller admits that he was not paying attention to the traffic ahead of him and that the accident was his fault.

## Discussion and Decision

When reviewing a motion for summary judgment, the standard on review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Farm Bureau Co-op. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193.

If Miller's conduct falls within the "enforcing the law" standard of Ind.Code 34–4–16.5–3(7),[1] he is immune even if he is negligently enforcing the law:

> If the injury in question resulted from the enforcement of a law, immunity is granted to both the governmental entity and to the employee, notwithstanding that the enforcement resulted in a loss that would not have occurred but for the negligent manner in which the duty was performed.

*Seymour Nat'l Bank v. State* (1981), Ind., 428 N.E.2d 203, 204. However, the issue can be raised whether Miller's actions could be considered "outrageous" or willful and wanton, which would deny him immunity under any governmental immunity theory. The very nature of the activity—watching traffic in the patrol car's rear-view mirror, turning around to check the license plates of vehicles traveling in the opposite direction, while continuing to allow forward motion of the patrol car—could be considered a disregard for the safety of others. Although this disregard may not have been a conscious disregard for the well-being of others, it could be considered reckless, perhaps to the point of outrageousness. In *Seymour*, the Indiana Supreme Court discussed the limitations of the immunity from liability granted to police officers under IC 34–4–16.5–3(7), as follows:

> It does not follow, however, that the statute necessarily grants immunity for all acts of law enforcement officers committed while engaged in the enforcement of the law ... [A]n employee's acts, although committed while engaged in the performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken. In such a case, it cannot be said that an injury resulting therefrom resulted from the performance of the duty. Such acts, whether intentional or willful and wanton are simply beyond the scope of employment. (Footnote omitted).

1. IND.CODE 34–4–16.5–3(7) provides: A government entity or an employee acting within the scope of his employment is not liable if a loss results from: ... (7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

*Id.; See also, Indiana State Police Department v. Swaggerty* (1987), Ind.App., 507 N.E.2d 649. Although the First District characterizes the above quote from *Seymour* as dicta and a mere expression of theoretical possibility in *Riggin v. Bd. of Trustees of Ball State Univ.* (1986), Ind. App., 489 N.E.2d 616, 631 (citing *Jacobs v. City of Columbus, et al.* (1983), Ind.App., 454 N.E.2d 1253, *trans. denied*), we do not agree with that characterization of our Supreme Court's language. The present case may provide an example of just the kind of outrageous conduct to which *Seymour* was referring. The question of whether the conduct constitutes such an example requires a factual determination and should be left to the trier of fact.

The trial court's denial of summary judgment is affirmed.

STATON, J., concurs.

HOFFMAN, P.J., dissents with separate opinion.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent.

Until the majority's opinion, this Court and the Indiana Supreme Court have never found conduct to be so outrageous as to remove the protection of enforcement of the law immunity. The exceptions to enforcement of law immunity mentioned in *Seymour* have been dismissed as dicta and nothing more than a theoretical possibility. *Riggin v. Bd. of Trust. of Ball State Univ.* (1986), Ind.App., 489 N.E.2d 616, 631. *See also: Jacobs v. City of Columbus* (1983), Ind.App., 454 N.E.2d 1253; *Ind. Dept. of Correction v. Stagg* (1990), Ind.App., 556 N.E.2d 1338.

*Seymour* theorized that outrageous acts whether intentional or willful and wanton can be beyond the scope of employment. There is no evidence suggesting that Officer Miller's conduct was intentional. Applying the following precise definitions of willful and wanton, uncontradicted evidence demonstrates that Officer Miller enforced Indiana motor vehicle law within the scope of his employment at the time of the accident entitling him to enforcement of the law immunity as a matter of law:

"Willful or wanton misconduct means: A course of action that shows an actual or deliberate intention to cause injury; or A course of action on the part of the defendant that, under existing conditions, shows either an utter indifference or conscious disregard for the safety of others."

Indiana Pattern Jury Instructions, Civil § 5.71 (2nd Ed.1989).

"Willful or misconduct is defined as conduct committed with an intentional or reckless disregard for the safety of others."

Black's Law Dictionary (6th Ed.1990).

The majority ignores the plain language of *Seymour,* which limited theoretical exceptions to enforcement of the law immunity to outrageous acts which are intentional or willful and wanton, by fashioning a new exception termed "outrageous recklessness." Even in applying this new ambiguous exception, there is no evidence that Officer Miller's conduct was "outrageously reckless." Recklessness requires knowledge of the specific harm. An actor cannot be reckless with regard to an unknown potential harm. *Wallace v. State* (1990), Ind.App., 558 N.E.2d 864. In *Wallace*, the appeals court reversed a conviction of criminal recklessness when a trucker changed lanes forcing a passenger car off the road. The trucker had no intent to change lanes with conscious and unjustifiable disregard for the safety of the occupants of the passenger car, because the trucker had no knowledge of the presence of the passenger car.

In the present case, Officer Miller failed to see the traffic ahead of him stop. Officer Miller had no knowledge of the presence of the specific harm of stopped traffic. His conduct could not be considered reckless as a matter of law. Officer Miller's conduct may have been negligent. Indiana has not adopted a due care or negligence exception to "enforcement of a law" immunity.

*But see: Seymour Nat. Bank v. State, supra,* (1981), Ind., 422 N.E.2d 1223, 1226–

**112**

1227, *reh.* 428 N.E.2d at 205–206 (DeBruler and Hunter, JJ., dissenting). Note, *Seymour National Bank v. State Interprets the Indiana Tort Claims Act: Can the Enforcers do no Wrong?* (1983) 16 Ind. L.R. 705.

Officer Miller's conduct was not intentional, willful and wanton or outrageously reckless as a matter of law.

The trial court should have entered summary judgment.