Timothy FLECK and Town of Akron, Indiana, Appellants–Defendants,

v.

Brian CAUDILL and Jack S. Caudill, Appellees–Plaintiffs.

No. 25A04–9011–CV–530.

Court of Appeals of Indiana, Fourth District.

Dec. 9, 1991.

Robert T. Keen, Jr., Larry L. Barnard, Miller Carson & Boxberger, Fort Wayne, for appellants-defendants.

CHEZEM, Judge.

Defendants/Appellants, Timothy Fleck (Fleck) and Town of Akron (Akron), Indiana, appeal the denial of their motion for summary judgment, which asserted governmental immunity under Ind.Code 34–4–16.5–3(7).[1] We reverse.

On July 6, 1989, Fleck was employed as a deputy marshal with the Town of Akron and was involved in an accident with Brian Caudill (Caudill). Prior to the accident, Fleck, in his marked squad car, was monitoring traffic with radar when he received a report that a salesman was soliciting door-to-door without a permit in violation of a town ordinance. Fleck began a search for the salesman, arrived at the intersec-

tion of Virgil Street and Rochester Street, and stopped his squad car at a stop sign. He then proceeded into the intersection and collided with Caudill's vehicle.

Fleck raises the issue of whether he was enforcing a law within the meaning of the immunity statute.

We first note that Caudill failed to file a brief in this appeal. Thus, we apply a less stringent standard of review with respect to showings of reversible error. Fleck need only establish prima facie error to win reversal. *Stacey–Rand, Inc. v. J.J. Holman, Inc.* (1988), Ind.App., 527 N.E.2d 726, 727, *reh. denied.*

If Fleck was acting within the scope of his employment, and was enforcing a law when the loss resulted, he is not liable. IC 36–5–7–4 sets forth the police powers available to a town marshal and his deputies:

> The marshal is the chief police officer of the town and has the powers of other law enforcement officers in executing the orders of the legislative body and enforcing laws. The marshal or his deputy:
>
> (1) shall serve all process directed to him by the town court or legislative body;
>
> (2) shall arrest without process all persons who commit an offense within his view, take them before a court having jurisdiction, and detain them in custody until the cause of the arrest has been investigated;
>
> (3) shall suppress breaches of the peace;
>
> (4) may, if necessary, call the power of the town to his aid;
>
> (5) may execute search warrants and arrest warrants; and
>
> (6) may pursue and jail persons who commit an offense.

Here, Fleck was responding to a report that a salesman was soliciting door-to-door without the permit required by town ordi-

---

1. This section provides: "A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from the adoption and enforcement of or failure to adopt or enforce a law (including rules and

nance[2]. Fleck was not required to be actively enforcing a law to be immune. *Bevis v. City of Indianapolis* (1991), Ind. App., 565 N.E.2d 772 (city and police officer were immune from liability for injuries sustained by motorist when officer collided with motorist's vehicle while investigating possible burglary in progress); *Carver v. Crawford* (1990), Ind.App., 564 N.E.2d 330 (county and officer immune from liability for collision which occurred while officer was en route to investigate a possible suicide); *Crews v. Brockman* (1987), Ind. App., 510 N.E.2d 707 (reserve officer en route to domestic disturbance was engaged in enforcement of law and immune from liability for injuries suffered in collision with officer notwithstanding officer had no knowledge that law had actually been broken and had not yet arrived at scene of disturbance); *see also Board of County Commissioners v. Arick* (1985), Ind.App., 477 N.E.2d 112 (officer engaged in law enforcement duty when leaving a malfunctioning traffic signal to assist other officers responding to a report of domestic violence). In sum, Fleck's search for a person suspected of violating a town ordinance constituted "enforcing the law" within IC 34–4–16.5–3(7).[3]

Accordingly, the judgment is reversed and remanded for proceedings consistent with this opinion.

Reversed.

MILLER and BARTEAU, JJ., concur.

---

regulations), unless the act of enforcement constitutes false arrest or false imprisonment."

2. A municipal ordinance within the limits of the municipality has the same local force as a statute. *Town of Walkerton v. New York C. Y St. L.R. Co.,* (1939), 18 N.E.2d 799, 215 Ind. 206, *cert. denied* 308 U.S. 556, 60 S.Ct. 75, 84 L.Ed. 467.

3. We note that Caudill did not argue that Fleck's conduct was so outrageous as to deny immunity. While Fleck may have been negligent, mere negligence has not precluded immunity under the statute. *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, *modified* 428 N.E.2d 203.