CITY OF WAKARUSA and
Ken Miller, Appellants,

v.

Monte W. HOLDEMAN, Appellee.

No. 20S03–9112–CV–983.

Supreme Court of Indiana.

Dec. 12, 1991.

Robert T. Keen, Jr., Larry L. Barnard Miller Carson & Boxberger, Fort Wayne, for appellants.

Cynthia Phillips Smith, Mellinger & Bowers, Elkhart, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

The City of Wakarusa and Ken Miller (Defendants–Appellants below) seek transfer after the Court of Appeals affirmed the denial of summary judgment in their favor and against Monte Holdeman (Plaintiff–Appellee below). *City of Wakarusa v. Holdeman* (1990), Ind.App., 560 N.E.2d 109.

■ The question in this case is whether immunity under the Indiana Tort Claims Act is conferred when a deputy marshal, while on patrol for license plate violations, hits another vehicle. We hold that the deputy was not "enforcing a law" within the meaning of IND.CODE ANN. § 34–4–16.5–3(7) (West Supp.1991) and, therefore, immunity does not attach.

The relevant facts are as follows. Ken Miller was a deputy marshal for the City of Wakarusa. On February 26, 1987, Miller was on duty and driving northbound on State Road 19. While driving at approximately 30–35 m.p.h., Miller was also engaged in observing the license plates of southbound traffic by looking into his rear view mirror and over his left shoulder. Miller had previously stopped several recreational vehicles in that area for failure to have the required license plate and registration, and he was looking for more. At one point, while looking in the rear view mirror, Miller failed to see that the traffic ahead of him had stopped. When he did notice it, he applied the brakes and skidded 40 feet, but was unable to avoid colliding with the rear of Holdeman's vehicle.

Holdeman sued Miller and the City of Wakarusa seeking a recovery for property damage and personal injury. The defendants sought summary judgment on the grounds they were immune under the Indiana Tort Claims Act, which provides in pertinent part: "A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from: the ... enforcement of or failure to ... enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment...." IND.CODE § 34–4–16.5–3(7).

The trial court denied summary judgment, but granted defendant's request for an interlocutory appeal. The majority of the Court of Appeals affirmed the denial of summary judgment on the grounds that Miller's conduct had been the type of "outrageous" or "wilful and wanton" law enforcement behavior which was not immune under Section 3(7) pursuant to *Seymour Nat'l. Bank v. State* (1981), Ind., 422 N.E.2d 1223, *mod. on reh'g.* 428 N.E.2d 203, 204.

In view of our recent reinterpretation of Section 3(7) in *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, we now grant transfer. In *Tittle*, we specifically rejected the notion that the immunity provided by Section 3(7) is co-extensive with the statutory obligations placed on law enforcement officials, such as the ones imposed on Miller pursuant to IND.CODE ANN. § 36–8–3–10 (West 1983). We also rejected the dicta in *Seymour* to the extent it suggested otherwise. We held that activity included within the term "enforcement of a law" was limited to activity attendant to effecting the arrest of those who may have broken the law, and was not as broad as a law enforcement officer's employment obligations or requirements made on him by statute. Thus, unless the injuries for which a plaintiff seeks recovery arose out of the actual attempts to effect an arrest of one who may have broken the law, there is no immunity to be found in Section 3(7). The dissent relies on the so-called "legislative history" of the Tort Claims Act as indicia of the legislature's intent to include activities like Miller's within the class of activities immunized by Section 3(7). Our reading of those earlier versions does not make the legislature's intention any more or less

apparent in the instant case. We are constrained to interpret and apply a statute as it was enacted by the legislature without speculating about what might have been the intent of proposed versions of a statute which did not become law.

■ Absent immunity, the controlling question becomes whether defendants owed plaintiff a private duty for the breach of which the law permits a recovery. It is undisputed that a person operating a motor vehicle on a public roadway has a duty to operate such vehicle with reasonable care. A question of fact exists as to whether or not the defendant, Miller, exercised such care under the circumstances of this case. Summary judgment, therefore, was not appropriate and the trial court correctly denied the defendants' motion requesting summary judgment.

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and remand this matter to the trial court for further proceedings.

DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result.

SHEPARD, C.J., dissents with separate opinion.

SHEPARD, Chief Justice, dissenting.

While I have concurred in result in today's cases concerning immunity for jail operations, I dissent in this case because I think it is fairly plain that a police officer patrolling the highways in search of unlawfully licensed recreational vehicles is "enforcing a law" and thus immune under the Indiana Tort Claims Act.

The legislative history of the Act suggests that officer Miller and the City of Wakarusa were entitled to immunity under Ind.Code § 34–4–16.5–3(7). The earliest version of the ITCA would have established a system whereby the State reinstituted the doctrine of sovereign immunity after *Campbell v. State* (1972), 259 Ind. 55, 284 N.E.2d 733, and waived immunity only in specific instances. *See* Judicial Study Commission minutes (September 7, 1972); 1973 Ind. Senate J. 203–10 (Committee Report, Senate Bill 130, February 13, 1973).

The early version of the ITCA, ultimately not passed into law, dictated that

[i]mmunity of all governmental entities from suit is waived for any injury resulting from the negligent operation or use of any motor vehicle or other motorized equipment by any employee while in the scope of his employment. This section shall not apply to the operation of an emergency vehicle as defined by law while being operated or used in response to an emergency call or an emergency situation.

1973 Ind. Senate J. at 205. This provision suggests that originally the legislature considered waiving immunity for accidents, like the one at bar, not occurring in an emergency situation. *But see* Note, *Seymour National Bank v. State Interprets the Indiana Tort Claims Act: Can the Enforcers Do No Wrong?*, 16 Ind.L.Rev. 705, 711–12 (1983) (suggesting that even this earliest version of ITCA would have protected emergency vehicles in non-emergency actions). That the legislature instead chose to reinstate general immunity for "the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment," Ind.Code § 34–4–16.5–3(7), suggests that the General Assembly did not wish to waive immunity in cases like the one before us.