**CITY OF VALPARAISO,**
Defendant–Appellant,

v.

**James B. EDGECOMB,**
Plaintiff–Appellee.

No. 64A03–9005–CV–198.

Court of Appeals of Indiana,
Third District.

April 18, 1991.

Steven P. Polick, Judge & Knight, Ltd., Munster, for defendant-appellant.

John M. Lyons, Lyons and Truitt, Valparaiso, for plaintiff-appellee.

GARRARD, Judge.

This is an interlocutory appeal from the denial of the city's motion for summary judgment. That motion asserted governmental immunity under IC 34-4-16.5-3(7).

The facts disclose that Edgecomb's automobile made a right hand turn into the outer southbound lane of Roosevelt Road in Valparaiso. It was then struck by a northbound city police car traveling in the same southbound lane. At the time the police car was travelling an estimated 35-40 miles per hour. Its lights were activated but its siren was not. The police car was engaged in passing a northbound funeral procession in order to lead it through town.

The dispositive question before us is whether in doing so the officer driving the police car was engaged in enforcing a law within the meaning of the immunity statute. We conclude that he was.

 Edgecomb argues that immunity should not apply because there is no law that requires a police officer to lead or escort a funeral procession. The immunity statute is not to be so narrowly construed. Rather, our decisions have established that immunity under this subsection is provided where an officer is acting within a broad spectrum of duties. *McFarlin v. State* (1988), Ind.App., 524 N.E.2d 807, and cases cited therein.

At the time in question the officer had been instructed by his lieutenant to attempt to catch up with the funeral procession and lead it the rest of the way through town.

IC 9-4-1.5-1(a) generally grants the right of way at intersections to funeral processions when the vehicles in the procession have lighted headlights and they are led by a vehicle displaying a flashing red light. When engaged in leading such a procession a police officer is properly engaged in performing the duties of the police department as set forth in IC 36-8-3-10, which include protecting the rights of persons and property, directing the movement of vehicles in public ways and enforcing or preventing the violation of all laws in force in the city.

Edgecomb argues, however, that a genuine issue may exist concerning whether the officer's conduct came within the exception to immunity assertedly recognized in *Seymour National Bank v. State* (1981), Ind., 428 N.E.2d 203. In that case our supreme court affirmed a finding of immunity but said in dictum:

> However, an employee's acts, although committed while engaged in the performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken. In such a case, it cannot be said that an injury resulting therefrom resulted from the performance of the duty. Such acts ... are simply beyond the scope of the employment.

428 N.E.2d 204.

Whatever the precedential effect of that language may be, in the context of this litigation the answer to Edgecomb's assertion is that the so-called *Seymour* exception would have application only to the potential liability of the officer. The city's liability, if any, is based upon *respondeat superior*, so by definition if the exception exists and applies, the city cannot be held liable. *See, e.g. Crawfordsville v. Michael*

(1985), Ind.App., 479 N.E.2d 102, *transfer denied* 487 N.E.2d 159. Since only the city was named a defendant in this action, the so-called exception would not create a material issue.

We therefore reverse and remand with instructions to grant the city's motion for summary judgment.

HOFFMAN, P.J., and SULLIVAN, J., concur in result and file separate opinions.

HOFFMAN, Presiding Judge, concurring in result.

I concur in result. This Court has repeatedly observed that the language of *Seymour* regarding an outrageous conduct exception to enforcement of law immunity was dicta.

*See, e.g., Indiana Dept. of Correction v. Stagg* (1990), Ind.App., 556 N.E.2d 1338, 1344; *Riggin v. Bd. of Trust. of Ball State Univ.* (1986), Ind.App., 489 N.E.2d 616, 631; *Jacobs v. City of Columbus, Etc.* (1983), Ind.App., 454 N.E.2d 1253, 1260. Consequently, the language did not become the law and is not binding. *Koske v. Townsend Engineering Co.* (1990), Ind., 551 N.E.2d 437, 443.

SULLIVAN, Judge, concurring.

The "outrageous acts" language of *Seymour National Bank v. State* (1981), Ind., 428 N.E.2d 203, 204, does not constitute an "exception" to the cloak of immunity provided by I.C. 34-4-16.5-3(7). It is merely a recognition that the doctrine of respondeat superior is inapplicable if the officer is not acting within the scope of his employment. The statute itself specifically states that immunity is conferred only when the employee is "acting within the scope of his employment".

Be that as it may, I agree with Judge Garrard's opinion in holding that the officer was engaged in enforcing the law. I further agree that whether or not the officer's conduct was "so outrageous as to be incompatible with the performance of the duty undertaken" and consequently outside the scope of the employment, it is of no moment because in either event, the City is not liable.

I concur in the reversal and in the order to grant the City's motion for summary judgment.