CITY OF VALPARAISO, Appellant,

v.

James B. EDGECOMB, Appellee.

No. 64S03–9202–CV–127.

Supreme Court of Indiana.

Feb. 25, 1992.

Steven P. Polick, Knight, Hoppe, Fanning & Knight, Schererville, for appellant.

James B. Edgecomb, pro se.

ON CIVIL PETITION TO TRANSFER

KRAHULIK, Justice.

James B. Edgecomb (Plaintiff–Appellee below) seeks transfer after the Court of Appeals instructed the trial court to enter summary judgment against him and in favor of the City of Valparaiso (Defendant–Appellant below). *City of Valparaiso v. Edgecomb* (1991), Ind.App., 569 N.E.2d 746. The dispositive issue is whether the Indiana Tort Claims Act confers immunity when a city police officer is engaged in leading a funeral procession. We conclude that *Ind. Code* § 34–4–16.5–3(7) (West Supp.1991) does not provide immunity.

The facts relative to this appeal follow. On the afternoon of April 20, 1988, Edgecomb was in the process of making a right-hand turn onto Roosevelt Road in Valparaiso when his car was struck by a police vehicle driven by a City of Valparaiso police officer, Nicholas J. Starcevic. At the time of the collision, the officer, in compliance with an instruction from his lieutenant, was proceeding to the front of a funeral procession on Roosevelt Road. Edgecomb filed a complaint seeking recovery for his injuries and damages. In response, the City filed a motion for summary judgment, in part on the grounds that Officer Starcevic was engaged in the enforcement of a law at the time of the incident and was, therefore, immune under Section 3(7). The trial court denied the City's motion for summary judgment, but granted its request for an interlocutory appeal. In an opinion decided before our recent reinterpretation of Section 3(7) in *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, the Court of Appeals reversed

the trial court and remanded the matter with instructions for the trial court to enter summary judgment in favor of the City. The court concluded that when a police officer is engaged in leading a funeral procession, such officer's activity would constitute the performance of his duty and, as such, he would be engaged in enforcing the law. *Edgecomb*, 569 N.E.2d at 747. Thus, the court reasoned, the City was immune from liability pursuant to Section 3(7).

 In view of *Tittle v. Mahan*, we now grant transfer. In *Tittle*, we specifically rejected the notion that the immunity provided by Section 3(7) was co-extensive with the statutory obligations placed on law enforcement officials. We held that activity included within the term "enforcement of a law" was limited to activity "attendant to effecting the arrest of those who may have broken the law." 582 N.E.2d at 801. Thus, we held that there is no immunity under Section 3(7) unless the plaintiff seeks recovery for injuries arising out of police activities attendant to effecting an arrest. Applying this holding in *Tittle*, we concluded that law enforcement officials and their employers were not immune from liability for treatment of pretrial detainees placed in county jails. Similarly, in *City of Wakarusa v. Holdeman* (1991), Ind., 582 N.E.2d 802, we held that immunity was not provided under Section 3(7) when a deputy marshall collided with a vehicle while looking for recreational vehicles without the required license plate and registration.

 Here, the parties do not dispute that Officer Starcevic was not involved in effecting an arrest and, therefore, pursuant to our holding in *Tittle*, the City is not immune under Section 3(7). As we stated in *City of Wakarusa*, "absent immunity, the controlling question becomes whether defendants owed plaintiff a private duty for the breach of which the law permits a recovery. It is undisputed that a person operating a motor vehicle on a public roadway has a duty to operate such vehicle with reasonable care." 582 N.E.2d at 804. A question of fact exists as to whether Officer Stacevic exercised such care under the circumstances. Summary judgment,

therefore, was not appropriate and the trial court correctly denied the City's motion.

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, and remand this matter to the trial court for further proceedings consistent with this opinion.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result, without separate opinion.

GIVAN, J., dissents, without separate opinion.