Kenneth C. FRIES and Allen County Board of Commissioners, Appellants–Defendants Below,

v.

Gloria J. FINCHER, Appellee–Plaintiff Below.

No. 02A03–9210–CV–347.

Court of Appeals of Indiana, Third District.

March 16, 1993.

**292**

Mark W. Baeverstad, David M. Lutz, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellants.

Gwendolyn J. Morgan, Wyss, McNellis, Riebenack & Myers, Fort Wayne, for appellee.

STATON, Judge.

Kenneth Fries and the Allen County Board of Commissioners (hereinafter "Fries") appeal the denial of a motion for summary judgment in a personal injury action commenced by Gloria Fincher. Pursuant to Ind. Appellate Rule 4(B)(6), this court granted Fries' petition for interlocutory appeal to address the following question of law: whether Fries was immune from liability for personal injury to Fincher because of the law enforcement provision of the Indiana Tort Claims Act ("Act").

We conclude that Fries was entitled to summary judgment based upon immunity under the Act.

On June 6, 1990, Officer Kenneth Fries of the Allen County Sheriff's Department responded to a call for assistance by another officer conducting an on-foot pursuit of a criminal suspect in the vicinity of Broadway and Jefferson streets in Fort Wayne. Fries activated the flashing red light on his vehicle and proceeded west on Woodland Avenue, an eastbound street. At the intersection of Woodland Avenue and Harrison Street, Fries' vehicle struck a vehicle driven by Gloria Fincher.

Fincher filed her complaint on June 8, 1992, alleging that Fries operated his vehicle in a negligent manner. On July 22, 1992, Fries filed a motion for summary judgment, alleging that he was engaged in the enforcement of a law at the time of the collision and was thus immune from liability under the Act. Fincher responded that Fries' actions, although admittedly undertaken within the scope of his employment, were so outrageous that they fell outside the scope of immunity.

On October 1, 1992, the trial court denied the motion for summary judgment, concluding that Fries' actions did not arise out of an "actual attempt to effect an arrest of one who may have broken the law." Record, p. 27. Fries' petition for certification of interlocutory appeal was granted by this court on December 10, 1992.

Immunity from liability for a governmental entity or an employee acting within the scope of his employment is controlled by the Indiana Tort Claims Act, IND.CODE 34-4-16.5-1, *et seq.* The Act provides in pertinent part:

> "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
>
> .  .  .  .  .
>
> the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment;"

I.C. 34-4-16.5-3(7).

There is no immunity under this section unless the plaintiff seeks recovery for injuries arising out of police activities attendant to effecting an arrest. *City of Valparaiso v. Edgecomb* (1992), Ind., 587 N.E.2d 96, 97.[1] Administrative and custodial duties performed by officers after an

---

1. See *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796 (law enforcement officials were not immune from liability for treatment of pretrial detainees placed in county jails); *City of Wakarusa v. Holdeman* (1991), Ind., 582 N.E.2d 802, *reh. denied* (law enforcement official who collided with a vehicle while looking for vehicles without the required license plate and registration was not immune from liability for collision); *City of Valparaiso, supra,* (immunity was not conferred by the Tort Claims Act when an officer was leading a funeral procession).

arrest do not warrant immunity. *Quakenbush v. Lackey* (1992), Ind.App., 604 N.E.2d 1210, 1212. However, immunity is not restricted to acts committed at the scene of an actual arrest. *Id.* at 1213. *See Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, (immunity existed where an officer responded to another officer's report of a suspicious vehicle and was involved in a collision during the vehicular chase which ensued); *Crews v. Brockman* (1987), Ind.App., 510 N.E.2d 707, *reh. denied, trans. denied* (officer en route to a domestic disturbance was immune from liability for injuries in collision which occurred before arrival at the scene of the altercation).

 In the recent case of *Quakenbush, supra,* Officer Lackey was involved in a collision after she was dispatched to a scene where a man was allegedly beating a woman in a parking lot. Because of the collision—which occurred when Lackey entered an intersection against a red light—Lackey never arrived at the scene. This court found that Lackey was entitled to immunity:

> "An officer so dispatched cannot make an arrest without first arriving at the scene, and the act of getting to the scene is part of the same transaction as the act of acquiring physical custody over the criminal. We do not distinguish between emergency and non-emergency dispatches when there is a report of one inflicting physical injury onto another.
>
> Allowing officers immunity only for acts committed while the criminal is in custody strips officers of necessary immunity. Many police dispatches involve dangerous fleeing felons or violent persons who most likely would flee if it were known that the police were called. Public safety will be endangered if our interpretation of 'actual activities attendant to effecting an arrest' is too narrow. The active pursuit of dangerous criminals and quick responses to calls of illegal activity will be reduced if officers must fear personal liability."

*Id.* at 1212–1213.

Fincher contends that the instant case is distinguishable from *Quakenbush* because Fries did not allege that he was pursuing someone who was inflicting physical harm on another person. Contrary to Fincher's contention, the *Quakenbush* court did not impose a requirement that the pursued individual engage in an activity "increasing the likelihood of immediate physical injury to any other person" before immunity would attach. Rather, the court observed that an officer should also be free, without fear of personal liability, to engage in "quick responses to calls of illegal activity."

Officer Fries engaged in a "quick response to a call of illegal activity," an action attendant to effecting an arrest. He is therefore entitled to immunity under the law enforcement provision of the Act.

The denial of summary judgment is reversed.

HOFFMAN and FRIEDLANDER, JJ., concur.