Kenneth C. FRIES and Allen County
Board of Commissioners, Appellant,
(Defendants Below)

v.

Gloria J. FINCHER, Appellee.
(Plaintiff Below)

No. 02S03–9310–CV–1160.

Supreme Court of Indiana.

Oct. 25, 1993.

Kenneth C. Fries and Allen County
Board of Com'rs, Mark W. Baeverstad,
David M. Lutz, Hunt Suedhoff Borror &
Eilbacher, Fort Wayne, for appellants.

Gloria J. Fincher, Gwendolyn J. Morgan,
Wyss McNellis Riebenack & Myers, Fort
Wayne, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Judge.

Gloria J. Fincher (Plaintiff–Appellee below) seeks transfer after the Court of Appeals directed the trial court to enter summary judgment against her and in favor of Kenneth C. Fries and the Allen County Board of Commissioners (Appellants–Defendants below). *Fries v. Fincher* (1993), Ind.App., 610 N.E.2d 291. In view of our decision today in *Quakenbush v. Lackey* (1993), Ind., 622 N.E.2d 1284, we hold that defendants are not immune from liability under the Tort Claims Act, *Ind.Code Ann.* § 34–4–16.5–3(7) (West Supp.1992).[1]

Kenneth Fries is a law enforcement officer with the Allen County Sheriff's Department. On June 6, 1990, he responded to a call for assistance by another officer who was chasing a suspect on foot in Fort Wayne, Indiana. Fries activated the flashing red lights on his vehicle, but not his siren, and proceeded the wrong way down a one-way street. Near the intersection of Woodland Avenue and Harrison Street, Fries observed a small red car in the southbound land of Harrison also approaching the intersection. Fries applied the brakes to avoid striking the automobile, but was unable to avoid the collision and struck the vehicle driven by Gloria Fincher.

Fincher sued in negligence for her injuries. Defendants moved for summary judgment on the grounds that they were immune from liability under Section 3(7) because Fries was engaged in the enforce-

---

1. *Ind.Code* § 34–4–16.5–3(7) provides:
    A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
    . . . .

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

ment of a law at the time of the accident. Applying the holding in *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, the trial court denied the motion because Fries' actions did not arise out of an "actual attempt to effect an arrest of one who may have broken the law." Fries appealed. Although the Court of Appeals recognized that there is no immunity under Section 3(7) unless the plaintiff seeks to recover for injuries arising out of police activities attendant to effecting an arrest, the court held that "immunity is not restricted to acts committed at the scene of an actual arrest." Relying on the appellate court's opinion in *Quakenbush v. Lackey* (1992), Ind.App., 604 N.E.2d 1210, which held that police on their way to investigate a crime are immune from civil liability, the Court of Appeals held that defendants were immune because Officer Fries was "engaged in a quick response to a call of illegal activity." The court instructed the trial court to enter summary judgment in favor of the defendants.

Fincher seeks transfer on the grounds that *Tittle*, 582 N.E.2d 796, was incorrectly applied. Because we vacated the opinion of the Court of Appeals in *Quakenbush*, however, we need not address Fincher's arguments as they relate to the *Tittle* case. Instead, we hold that defendants are not immune from liability because Fincher seeks recovery for the breach of a private duty.

In *Quakenbush*, 622 N.E.2d at 1288, we rejected the notion that law enforcement officers and their employers were immune for the breach of a private duty under Section 3(7) even if they were engaged at the time in the course of fulfilling a public duty. Such is the case here.

As Officer Fries headed to the scene, he was charged with two duties. The first duty was to enforce the law. This duty was owed to the public at large. *Quakenbush*, 622 N.E.2d at 1288; *Campbell v. State* (1972), 259 Ind. 55, 62, 284 N.E.2d 733, 737; *Simpson Food Fair v. City of Evansville* (1971), 149 Ind.App. 387, 391, 272 N.E.2d 871, 873. The second duty was to use ordinary care under the circum-

stances while travelling on a public roadway. *See Ind.Code Ann.* § 9–21–1–8 (West 1992). This duty was a private one, owed to individuals. Fincher seeks recovery for the breach of this private duty. Accordingly, immunity is not provided under Section 3(7). *Quakenbush*, 622 N.E.2d at 1288.

Summary judgment is appropriate only in the absence of any genuine issue of material fact. Ind.Trial Rule 56(C). Here, a question of fact exists as to whether Fries exercised reasonable care under the circumstances of this case. Summary judgment, therefore, was not appropriate, and the trial court correctly denied defendant's motion.

### *Conclusion*

We grant transfer, vacate the opinion of the Court of Appeals, affirm the trial court, and remand this matter to the trial court for further proceedings.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., concurs, with separate opinion.

GIVAN, J., dissents.

SHEPARD, Chief Justice, concurring.

While I did not join the decision today in *Quakenbush v. Lackey* (1993), Ind., 622 N.E.2d 1284, I regard it as settling the issue and will treat *Quakenbush* as stare decisis until such time, if any, as the Indiana General Assembly elects to modify the Indiana Tort Claims Act. Accordingly, I join in the decision in this case and the remaining cases today on authority of *Quakenbush*.